FRIZZELL *vs.* REED, guardian, *et al.*

1. Where it appeared that the owner of property was greatly afflicted in body and mind from disease; that she had little or no will power, and that she was greatly under the influence of a relative who obtained a conveyance of property from her, although the evidence as to her sanity or insanity was conflicting; on a proceeding by her to set aside such conveyance, in order to sustain it, it should be made to appear that the transaction was fair, honest and free from fraud and undue or improper influence of the controlling mind. Such a transaction will be scrutinized closely by the courts, and if there be found the slightest scintilla of fraud, it will be set aside.

(*a.*) In this case, the defendant failed to show what he had paid to his vendor for rent, or what amounts he had paid her for purchase money, or to exhibit any account or statement of the money he had paid her; and this court cannot say that the sum found by the jury to be due the defendant on rescinding the trade was wrong, or that the verdict was contrary to the law and the evidence.

2. As an abstract proposition, there was no error in charging as follows: " It does not require a high degree of mental power to make a binding agreement. One who has strength of mind and reason equal to a clear and full understanding of the nature and consequences of his act in making a deed, is to be considered sane; one who lacks this capacity is to be held insane;" but when applied to the facts of the case, this charge was more favorable to the defendant than he had any right to expect.

3. The condition of mind of the grantor from the time the transaction began until it finally terminated, was a proper subject of inquiry by the jury; and there was no error in refusing a request to charge which restricted the consideration of the jury to the time when the defendant alleged the trade was made, and excluded the time when the deed was executed.

4. When taken in connection with the facts of the case, there was no error in charging as follows: "If, after the filing of the bill and pending the same, the plaintiff makes a written statement that the bill was filed without her authority and she has no cause of action against the person sued, such a statement would be an admission against the plaintiff, and should be considered by the jury, like other evidence, in passing upon the rights of the parties."

(*a.*) The jury might have inferred that if defendant, by reason of the weakness of the plaintiff and his confidential relations to her, could obtain a deed conveying her property to him, he could have obtained her signature to the paper offered in evidence by the same means. This court is satisfied that plaintiff's counsel had full authority to bring and prosecute this case.

5. Witnesses who stated that they knew the grantor, saw her and heard her talk, could state their opinions as to her sanity, based on such facts; it being for the jury to determine whether such reasons were satisfactory.

(*a.*) The defendant was not a competent witness to testify as to what occurred between himself and his grantor, she being dead.

October 26, 1886.

Fraud. Insanity. Evidence. Witness. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1886.

To the report contained in the decision, the following is added in connection with the fourth and fifth divisions thereof:

One ground of defence was, that the suit was instituted and pressed without authority of the complainant, and in support of this ground the defendant introduced in evidence the following paper:

"Sarah C. Jones } No. 109. Superior Court, Spring Term, 1884.
   *vs.*        }
W. H. Frizzell. } Equity. Bill for account and relief.

"I, Sarah C. Jones, the person whose name is made to appear as complainant in the above stated case, do hereby declare that said suit was brought without my authority or consent, and after my positive and express statement to the effect that there was no cause or right of action; and I now again repeat that this suit is without my authority, and that the attorneys bringing said suit are not and never were authorized by me so to do; and I hereby repudiate every act and deed they have done in the premises. This 24th day of March, 1884.                                    SARAH C. JONES.

"Attest: John W. White; A. F. Howell; W. T. Moyers, N. P., F. Co., Ga."

The defendant also introduced evidence to show that this paper was read over to Mrs. Jones before she signed it, and that she stated that it was true, and also stated substantially the same facts contained in it.

Complainants introduced evidence to show that Mrs. Jones gave the deeds to her daughter, Mrs. Adair; that she ordered the suit brought; that she went with her son

and daughter to the office of Messrs. Bigby & Dorsey, and while she did not have much to say, she knew that suit was to be brought to set aside certain deeds. Her daughter testified that her mind was not good, but that there was no doubt that it was clear enough for her to know that she was having suit brought. It was shown also that the paper set out above was signed while Mrs. Jones was at the house of the defendant with his family, and in the absence of her children.

At the close of the evidence, the defendant asked the court to dismiss the bill, on the ground that it was brought without the authority of Mrs. Jones and prosecuted without her consent and approval. This was refused. He then asked that the court direct a verdict in his favor on the ground that she had stated, both before and since the suit was brought, that she had no cause of action against the defendant, that he had bought the place and paid her for it, and that he owed her nothing. This also was refused, and the court charged the jury on this subject as follows:

"One of the defences made by the defendant is that the bill was filed without the authority of Mrs. Jones, and that therefore there should be no recovery under said bill. On this subject, I charge you that a party to a contract may plead his incapacity to make it, and this he may do either in resisting the contract when it is asserted by the other party to it, or in a bill filed for its cancellation. If he assents to or directs that such a bill be filed, such assent or direction is sufficient authority for his counsel to act in the matter. If, after such a bill is filed and while it is pending, the complainant makes a written statement that it was filed without his authority and that he has no cause of action against the person sued, such a statement would be an admission against the right of complainant, and should be considered by the jury, like other evidence and in connection with the evidence, in passing upon the right of the parties."

After the death of Mrs. Jones, and her children had been made parties by their guardian *ad litem*, the defendant proposed to testify that he had not influenced Mrs. Jones in her conduct; that he bought the property at her request and paid her $1,320, which was the full value of it; that he had expended $1,463.76 in making substantial improvements and in increasing the value of the property, and had done so in good faith, believing the property was fairly and honestly his; that he had paid taxes on it from and including 1876 amounting to $403; and that Mrs. Jones was, at that time, fully sane and capable of understanding and transacting business. On objection, the court held that the defendant was incompetent to testify to these facts, but permitted him to testify as to conversations which other witnesses had stated occurred between him and them, and as to what passed between him and the children of Mrs. Jones.

GEORGE T. FRY, for plaintiff in error.

JOHN C. REED; BIGBY & DORSEY, for defendants.

BLANDFORD, Justice.

The bill in this case was exhibited by Mrs. Sarah C. Jones, then in life, but she having died pending the same, her children and only heirs at law, John and Anna (who had intermarried with Adair), were made parties by their guardian *ad litem*, John C. Reed, Esquire, and the case proceeded in their name against Frizzell, the plaintiff in error. The bill alleged that Sarah C. was living at Rome, Georgia, when her husband died; that Frizzell, her brother-in-law, who had married her sister, induced her to sell her property and remove to Atlanta; that she purchased a small house and lot for twelve hundred dollars; that she engaged in business and continued the same until, by reason of ill-health, she was unable to continue; that her mind had become impaired from disease, her body

enfeebled, and having no one to trust but defendant, she placed great trust and confidence in her brother-in-law ; that he persuaded her to remove to another house which he rented for her, and he took possession of her house and was to pay her fifteen dollars per month for the support of her children and herself, which he failed to do; that he then bought a tax execution for city taxes which had been issued against her and had the same transferred to himself, and without her knowledge had the same levied on her house and lot ; that when she discovered that her property had been levied on and was advertised for sale, she sent for defendant and he agreed to purchase the same for her, but he purchased the same and took a deed of conveyance to himself; that after this, while she was still sick, weak in body and mind and unable to resist his importunities, he persuaded her to make a quit-claim deed of conveyance to him of her property; that this was done without adequate consideration and when her mind was weak, he having persuaded her that it was best for her; and that now he claims to be the owner of her property. The bill waives discovery from defendant, and prays for an accounting as to the rents and that the deeds made to defendant be cancelled and the property be decreed to be turned over to plaintiffs.

The answer of defendant denies the insanity of plaintiff; says he bought the property fairly and paid a fair price for the same, to-wit, thirteen hundred dollars ; and in case the sale to him be decreed to be set aside, he prays that plaintiff be decreed to pay him the purchase money which he has paid her for the lot, the money which he has expended in making improvements on the lot, one thousand dollars, and all taxes he has paid for the same.

After the court had charged the jury, they found that the conveyance by plaintiff to defendant be cancelled and set aside, and that defendant recover four hundred and eighty-two dollars and three cents for moneys expended and paid out by him; and it was decreed accordingly.

A motion for new trial was made by defendant on many grounds, which was overruled by the court, and defendant excepted, and he assigns as error the several grounds taken in the motion for new trial.

1. The main ground is that the verdict is contrary to the law and evidence in the case; and this ground reaches the entire case made by the pleading and evidence. The evidence of ten witnesses for plaintiff was to the effect that she was insane; on the contrary, the testimony of forty-four witnesses was that she was not insane. But it is quite clear, from the testimony of all, that she was greatly afflicted in body and mind from disease; that she had little or no will power; and that she was greatly under the influence of defendant. So that, under these circumstances, where one possessed of this power over another obtains a conveyance of the property of such person, it should be made to appear that the transaction was fair, honest and free from fraud or all undue or improper influence of the master-mind; such a transaction will be scrutinized closely by the courts; if there be found the slightest scintilla of fraud, the transaction will be set aside. These circumstances, when shown, without more, will of themselves show fraud which will authorize a court of equity to act and set the contract aside.

In this case, the defendant failed to show what he had paid to Mrs. Jones for rent, or what sum or sums he had paid her for purchase money; he failed to exhibit any account or statement of the money he had paid to her. We cannot say, from the evidence which he submitted to the court and jury, what sum was due to him for moneys paid for purchase money or otherwise; so it may be, from the record, that the sum found by the jury to be due the defendant is right. Therefore we conclude that the verdict is not contrary to the law and evidence in the case.

The case of *Causey vs. Wiley, Banks & Co.*, 27 *Ga.* 444, contains an opinion of McDonald, J., which is able and exhaustive of the subject of which we have have been

treating, and is conclusive upon these grounds. What has been said disposes of the 1st, 2nd, 3rd, 4th and 5th grounds of the motion for new trial.

2. The sixth assignment of error complains that the court charged the jury that, " It does not require a high degree of mental power to make a binding agreement; one who has strength of mind and reason equal to a clear and full understanding of the nature and consequences of his act in making a deed is to be considered sane; one who lacks this capacity is to be held insane." This charge, in the abstract, is correct, but when applied to the facts of this case is more favorable to the defendant than he had any right to expect; consequently he is not injured by the charge and will not be heard to complain.

3. The 7th ground of error insists that the court erred in not restricting the jury to the time defendant says he made the contract with Mrs. Jones, to ascertain the condition of her mind, instead of to the time she made the deed to defendant. We think the court did right to refuse this request. The condition of the mind of Mrs. Jones was the proper subject of inquiry by the jury, from the time the transaction began until its final termination.

4. The 8th ground of the motion alleges as error that the court instructed the jury that if, after the filing of the bill and pending the same, plaintiff makes a written statement that the bill was filed without her authority and she has no cause of action against the person sued, such a statement would be an admission against the plaintiff and should be considered by the jury like other evidence in passing upon the rights of the parties. This charge is correct, taken in connection with the facts of the case. If defendant, by reason of the weakness of plaintiff and his confidential relations to her, could obtain a deed of conveyance from her to himself of her property, the jury might well conclude that he could have obtained her signature to the paper offered in evidence by the same means. We are satisfied from this record that plaintiff's counsel had full authority to bring and prosecute this case.

The 9th, 11th and 13th grounds of the motion are disposed of by what has been said as to the first ground.

5. We are satisfied that there is no error in the charges of the court as given or in its refusal to charge; and what has already been said covers the remaining grounds in the motion, except as to the admission and rejection of evidence. It is insisted that the court should have rejected the testimony of several witnesses, as to the sanity of Mrs. Jones, who gave their opinion of her insanity, their reasons being that they knew her, saw her, and heard her talk. We think the testimony admissible, and it was for the jury to determine whether the reasons of the witnesses were satisfactory or not.

The defendant was not a competent witness to testify as to what occurred between himself and Mrs. Jones, she being dead.

Upon the whole, we are satisfied with the verdict in this case, and that there were no material errors committed by the court; so that the decree of the court below is affirmed.