## HUBBARD *v.* RUTHERFORD, administrator.

GEORGE, J. 1. In an action to cancel a deed on the grounds of mental incapacity of the grantor, and of undue influence exercised by the grantee, the opinion of a non-expert witness as to the grantor's insanity, accompanied by the reason for such opinion, may be given in evidence. The sufficiency of the reasons of the witness for his opinion is not a question for the court, but for the jury, in estimating the weight to which the opinion is entitled. *Frizzell* v. *Reed*, 77 *Ga.* 724 (5). Tested by the foregoing, the opinions of the non-expert witnesses, to the effect that the grantor was of unsound mind, were properly admitted in evidence.

2. On the trial of a suit to cancel a deed upon the grounds of mental incapacity of the grantor and fraud and undue influence exercised by the grantee, it was competent to prove that, subsequently to the execution of the deed, the grantor made a will by which she devised the property covered by the deed to persons other than the grantee therein. Proof of such fact was properly admitted, not for the purpose of establishing fraud and undue influence, but as tending to illustrate the state of the grantor's mind, and that she was in a condition to be influenced. *Dennis* v. *Weekes*, 51 *Ga.* 24 (6); *Howell* v. *Howell*, 47 *Ga.* 492, 500; *Penn* v. *Thurman*, 144 *Ga.* 67 (4), 68 (86 S. E. 233).

3. On the issue of undue influence it was erroneous to charge the jury: "In a proceeding to set aside a conveyance on the ground that it was made under undue influence of a person who obtained the conveyance, in order to sustain such conveyance it should be made to appear that the transaction was fair, honest, and free from fraud and undue influence." No confidential or fiduciary relation existed between the grantee and grantor; and the burden was upon the plaintiff to show undue influence as alleged. The rule announced in *Frizzell* v. *Reed*, 77 *Ga.* 724 (1), and other like cases, is applicable: (1) where the parties to the deed stand in a fiduciary or confidential relation the one to the other; (2) where badges of fraud are shown, coupled with prima facie evidence of the mental weakness of the grantor, his susceptibility to influence, or other like circumstances. In this case there was evidence tending to cast suspicion on the deed and to show great mental weakness on the part of the grantor and that she was easily influenced in business transactions; but the application of the rule contained in the foregoing instruction was not made to depend upon a finding by the jury that prima facie proof of such mental weakness and susceptibility to influence had been made.

4. On the issue of fraud and undue influence the following charge was error in this case: "If there is any evidence of fraud or undue influence, the conveyance should not be sustained." Slight evidence of fraud and undue influence may authorize the jury to cancel the deed, and is sufficient to shift the burden to the defendant (the grantee) and require him to show that the transaction was fair and free from fraud and undue influence; but, in a case between strangers in blood, and where no fiduciary or confidential relation is alleged or proved, it is stating the rule too strongly against the defendant to instruct the jury

that the deed should not be sustained if there is any evidence (however slight, however strongly rebutted, however opposed by the great preponderance of the evidence on the issue) of fraud or undue influence.

5. On the issue of undue influence the court charged the law as contained in the Civil Code relating to duress by illegal imprisonment, threats of personal violence, etc. This was also error as applied to the facts in this case; but considered alone, it would not necessarily require a reversal of the judgment.

6. Except as indicated, none of the other assignments of error require specific reference or show cause for reversal.

> *Judgment reversed. All the Justices concur.*

No. 588. JULY 10, 1918.

Equitable petition. Before Judge Searcy. Monroe superior court. March 9, 1917.

*Robert L. Berner,* for plaintiff in error.

*Persons & Persons* and *C. L. Redman,* contra.