## PENNINGTON *v.* PERRY *et al.*

1. The court erred in overruling the special demurrer to the following caveat to the will: " The said purported will is not the will of the said Mrs. Harriet T. Foster, because she did not execute the same freely and voluntarily, but was moved thereto by undue influence and fraud exerted upon her by the legatees therein stated; same really expresses the wishes of said legatees, and does not express the will of said Mrs. Harriet T. Foster. At the time of the purported execution of said will the said Mrs. Harriet T. Foster was easily influenced by said legatees. All of the legatees named in said will and the alleged nominated executor substituted their wishes for the wishes of the testator, and did not allow her to execute the will freely and voluntarily, because they prevailed on her by numerous demands and insistence to leave her property to the legatees named therein, thereby substituting their wishes for the ones of the testator," the ground of demurrer being that " said allegations are too vague and uncertain and do not put propounder on notice as to what kind of influence was exerted on said testatrix, or what fraud was exerted or used on her to have her to sign said will," and " said paragraph does not specifically set out just how or by whom such undue influence was used on said testatrix, nor how nor in what manner she was influenced." The allegations amounted merely to a conclusion of the pleader, no facts being set out from which the court could determine whether they amounted to fraud or undue influence.

2. The court erred in refusing to sustain the special demurrer to the following caveat: " (d) At the time of the purported execution of said instrument the said Mrs. Harriet T. Foster did not have perfect liberty of action," the ground of demurrer being that " the allegation as set out in paragraph (d) of said caveat is so vague and indefinite

that propounder is not sufficiently informed as to why and in what respect said testatrix did not have perfect liberty of action." This ground of the caveat also amounts merely to a conclusion of the pleader, without stating any facts.

3. The court did not err in overruling the grounds of demurrer other than as above mentioned.

4. Error is assigned on the ruling of the court in admitting the following evidence of one of the caveators, A. R. Foster, over objection of the propounder: "She told me, 'If I die before you do, you go to the Madison Bank and get my will,' and she said, 'Everything in that will is yours.'" The objection made at the time was that the "sayings of the testatrix in this case cannot be used for the purpose of impeaching her will, or invalidating it." The court ruled that the evidence was admissible for consideration in passing upon the question as to whether or not the testatrix had testamentary capacity to make a will. This ruling was not error. The declaration of the testator was admissible as evidence on the question of mental capacity. *Credille* v. *Credille*, 123 *Ga.* 673 (3) (51 S. E. 628, 107 Am. St. R. 157); *Hubbard* v. *Rutherford*, 148 *Ga.* 238 (2) (96 S. E. 327); Redfearn on Wills & Administration of Estates, 74. This evidence, unaccompanied by acts of the testatrix, was not admissible for the purpose of showing undue influence or an intention to revoke the will. *Jones* v. *Grogan*, 98 *Ga.* 552 (7) (25 S. E. 590); *Kimsey* v. *Allison*, 120 *Ga.* 413 (47 S. E. 899). The court, in admitting the evidence, should make this distinction clear to the jury.

5. Movant complains that the court erred in allowing the caveatrix to testify as follows: "I felt that she was under Bob Pennington's influence." This evidence was unaccompanied by the statement of any facts upon which it was based; and therefore its admission was error. *Jones* v. *Grogan*, supra (4); *Penn* v. *Thurman*, 144 *Ga.* 67 (6) (86 S. E. 233).

6. Error is assigned on the admission of the following evidence, over objection of the propounder: "Her mind was very bad then" (in 1916). The objection was that the will was executed about ten years prior to the year 1916. The evidence was not inadmissible on that ground; and since there was no other objection, this ground of the motion for new trial does not show error.

7. The court charged the jury as follows: "Now, . . in the event you reach the conclusion that Mrs. Hattie Foster did not sign this will in the presence of these witnesses, or, if she had signed it previously, she did not acknowledge in the presence of these witness that it was her will, that these three witnesses did not sign in the presence of Mrs. Foster, why then, under those state of facts, the court charges you that the paper that will be out before you was not executed as provided by the laws of the State of Georgia; and in the event you reach the conclusion that it was not executed as provided by the laws of the State of Georgia, after considering all the testimony in this case, after considering all the facts developed in the trial of this case, that would end your investigation, and under those state of facts it would be your duty to find against the propounder of this will." Error is assigned

on this charge, on the ground that "there was no evidence upon which to base such a charge, and it was therefore confusing and misleading to the jury." The court erred in charging the jury as set out in this excerpt, because the evidence demanded a finding that the will was signed and acknowledged by the testatrix and duly and legally attested by the witnesses whose names appeared as such on the will.

8. Error is assigned in the ninth and tenth grounds of the amendment to the motion for new trial, upon instructions of the court with regard to the making of a will under a mistake of fact as to the existence of an heir. The charges are substantially the same. One of them is as follows: "A will executed under a mistake of fact as to the existence or conduct of the heir at law of the testator is inoperative, so far as such heir at law is concerned, and the testator shall be deemed to have died intestate as to her. Now, gentlemen of the jury, one of the grounds of Mrs. George Perry's caveat is that her mother was laboring under a mistake of facts as to her existence on the 7th day of November in the year 1907. She contends in the caveat that she has filed in this case that at the time that this will was executed her mother considered that she was dead; she contends that her mother was laboring under a mistake of fact, and that she was an heir of her mother, and, for that reason, that the will is inoperative so far as her interest in her mother's estate is concerned." This charge was error, given as it was without the proper qualifying instruction that if after the will was executed the testatrix became aware of the fact that the daughter was in life, and she had testamentary capacity at that time, the will would not be void and inoperative as to that daughter, provided the fact that the daughter was in life came to the attention of the testatrix a sufficient time before her death to allow her reasonable time and opportunity to execute another will.

9. The court did not err in admitting, over objection, the following evidence of S. S. Gresham, a non-expert witness: "I had known her before that, too. I never did see her mother any more worried and torn up in her mind than she was at that time in regard to her daughter. Her mind didn't seem right to me. I don't think she had capacity at that time to make a will." (Note by the Judge: "The witness, S. S. Gresham, stated that he had seen Mrs. Harriet Foster, and talked to her, before giving his opinion as to her mental condition.") The ground of objection was "that he should state to the jury what she said and what she did, and base his opinion on that, and let the jury have the facts before them, so the jury could tell whether or not his opinion is correct."

No. 3454. JULY 20, 1923.

Appeal. Before Judge Park. Greene superior court: October 6, 1922.

*Anderson & Wood* and *Miles W. Lewis,* for plaintiff in error.

*J. G. Faust* and *Noel P. Park,* contra.

GILBERT, J. It is not deemed useful to elaborate any of the headnotes, except the ninth. The court overruled the objection to the evidence therein quoted, and permitted it to go to the jury.

Movant says "this was error, because it permitted a non-expert witness to give his opinion of the condition of testatrix's mind, without giving the facts upon which to base such an opinion." In this instance the only fact stated by the witness upon which the admission of the testimony may be legally based· is that he had seen and talked to Mrs. Foster, before giving his opinion as to her mental condition. Just how many times and how often he had seen and talked to her he does not state. He may have seen and talked to her on one occasion or on many. He may have seen and talked to her for the briefest possible space of time, or it may have been for quite a length of time. The talk may have ·consisted of the barest exchange of words, such as the usual greeting at an introduction or mere exchange of "good morning," or the discussion may have embraced a large number of subjects. From the ground of the motion for new trial as made in the record this court can form no opinion. The value of the testimony depends upon the information given to the jury in this respect. If the witness saw and talked with the testator for the briefest possible moment of time, the value of his opinion would be entitled to almost no weight whatever. On the other hand, its value to the jury would increase in proportion to the greater opportunity offered the witness for the formation of the opinion. The jury are supposed to take this view of the question. We think the evidence was admissible, and therefore we hold that the court did not err in so ruling. "The mere opinions of witnesses, other than physicians and the attesting witnesses, are not admissible, unless accompanied with the facts on which they are founded; but having stated the appearance, conduct, conversation, or other particular facts from which the state of the testator's mind may be inferred, they are at liberty to express their belief or opinion, as the result of those facts." *Potts* v. *House,* 6 *Ga.* 324 (4) (50 Am. D. 329). *Judgment reversed. All the Justices concur.*