## HOUSEMAN et al. v. VOAK.

RUSSELL, C. J.  1. There was no error in allowing the witness to testify to the alleged statement of the testatrix that she had made no will. It was admissible as evidence on the question of undue influence and mental capacity of the testatrix. *Credille* v. *Credille*, 123 *Ga.* 673 (51 S. E. 628, 107 Am. St. R. 157); *Hubbard* v. *Rutherford*, 148 *Ga.* 238 (96 S. E. 327); *Pennington* v. *Perry*, 156 *Ga.* 103 (118 S. E. 710); *Dennis* v. *Weekes*, 51 *Ga.* 25.

2. There is no exception to the charge of the court, and the evidence was sufficient to authorize the verdict; and the finding of the jury being approved by the trial judge, his discretion in refusing a new trial will not be disturbed.    *Judgment affirmed.    All the Justices concur.*

No. 3590.  DECEMBER 14, 1923.  REHEARING DENIED JANUARY 28, 1924.

Appeal from probate of will.  Before Judge Highsmith.  Glynn superior court.  December 13, 1922.

E. H. Houseman and N. E. Gillican, as propounders of the will of Mrs. Adah Doerflinger, filed in the court of ordinary of Glynn County a petition seeking to probate the alleged last will and testament of their testatrix, alleging that the only heir at law of said Mrs. Adah Doerflinger is Mrs. Ida E. Voak.  Mrs. Voak filed a caveat to this petition, setting up as grounds why the alleged will should not be admitted to record:  (1) At the time of the execution of the alleged will the deceased did not have sufficient mental capacity to execute a will.  (2) The alleged will was not executed freely and voluntarily, but was induced by undue influence exerted by said Houseman and Gillican.  (3) Mrs. Adah Doerflinger, before the making of the pretended will, at the time thereof, and continually before and after, to the time of her death, was under the influence of opiates, so as not to be capable of making a will.  (4) The propounders occupied a confidential relationship to the deceased, and used the same by continual insistence upon her making a will, and by their continual insistence and by reason of her weak physical and mental condition, and her opium-beclouded mind, secured the making of the pretended will and the giving to themselves thereby almost the entire estate of the deceased, to the exclusion of caveator, her only sister and only heir at law, the said Houseman and Gillican being entire strangers in blood with the deceased.  (5) At the time of making said pretended will the deceased was an old woman, so weakened and worn by sickness that she was seldom able to remain out of bed, and so remained to the

time of her death; she had no men of her family to rely upon, as she was a widow with no close relative save caveator, who is also a woman advanced in years; and the deceased relied almost entirely upon the advice of said Houseman and Gillican. (6) Houseman was the administrator of the estate of the husband'of the deceased Mrs. Adah Doerflinger, and Gillican had learned his trade or calling as a jeweler under the deceased husband of the deceased; and for these reasons the deceased Mrs. Adah Doerflinger relied upon them in all things, having no other male advisors. (7) The pretended will was prepared by Gillican and Houseman, who gave instructions for its preparation in the absence of and without the knowledge of the deceased, and said pretended will was merely presented by them to the deceased for execution after being so prepared, and its execution insisted upon.

By consent of parties an appeal was entered from the court of ordinary to the superior court of Glynn County. Mrs. Voak then amended her caveat by adding an additional.ground to the effect that at the time of making said will Mrs. Adah Doerflinger was laboring under a mistake of fact as to the conduct of the caveatrix, her sole heir at law, in that Mrs. Adah Doerflinger erroneously believed that caveatrix was not leading a proper life, and was leading an improper and immoral life; and that because of said mistaken and erroneous idea upon the part of Mrs. Adah Doerflinger, caveatrix, who was her sole heir at law, was practically disinherited. The jury returned a verdict finding "against the will." The propounders filed a motion for a new trial, assigning error upon the general grounds, and before the hearing amended their motion by adding thereto the grounds: (a) No legal evidence was submitted to show or prove that the testatrix was incompetent in any way to make a will at the time she made this will, nor any evidence showing that any undue influence was practiced upon her by E. H. Houseman, one of the propounders. (b) No evidence was submitted showing that N. E. Gillican, one of the propounders, practiced any undue influence on the testatrix in the making of the will. (c) There was no evidence showing that either Mrs. Adah Carr, or her daughter, Mary Carr, beneficiaries under the will, used or practiced any undue influence on the testatrix in the making of the will. (d) There. was no evidence showing that any person acting for the girl Dolores Gillican, one of the beneficiaries under

the will, or the beneficiary herself, practiced any undue influence on Mrs. Adah Doerflinger in the making of the will. (e) The court erred in allowing the witness Mrs. Julia E. Hodenpyle to testify, over the objection of counsel for propounders, that the testatrix told her, about two years after the making of the will, that she (Mrs. Doerflinger) had made no will. The motion for a new trial was overruled, and the propounders excepted.

*R. D. Meader* and *E. C. Butts,* for plaintiffs.
*Conyers & Wilcox,* for defendant.