## SMITH *v.* WATKINS.

556

No. 11267.   November 25, 1936.

*C. L. Redman,* for plaintiff in error.   *W. E. Watkins,* contra.

Bell, Justice.   An application to probate in solemn form an alleged will and codicil of Mrs. Sallie E. Watkins was filed in the court of ordinary of Butts County by Thomas E. Watkins, a son of the testatrix and the nominated executor.   Mrs. Mary Kate Smith, a daughter of the deceased, together with other heirs at law, filed a caveat, alleging undue influence on the part of Thomas E. Watkins.   The court of ordinary found against the caveat, and the caveators appealed.   The verdict in the superior court being in favor of the propounder, the caveators moved for a new trial, which the court refused, and they excepted.   The motion contains the general grounds, and several special grounds added by amendment.   The general grounds are not insisted on in this court, and the special grounds present the only questions for decision.

■   The judge began his charge in the following language: "Thomas E. Watkins, as named executor in the will of Mrs. Sallie E. Watkins, filed a petition for the probate of this will of his mother in solemn form in the court of ordinary, in due form and order.   There was a decision rendered in the court of ordinary which was unsatisfactory to certain of the heirs of Mrs. Sallie E. Watkins; and they appealed that case from the court of ordinary to this court, on grounds of objections to the will which they urged in the court of ordinary.   Those grounds of objection, gentlemen, are technically termed a caveat, which means an objection to the probate of the will; and that brings the question of the probate of this will to this court for a decision by this court through the aid of this jury, and the jury is to determine whether or not the will of Mrs. Sallie E. Watkins is to be probated or not by their verdict in this case."   It is contended that the use of the words, "in due form and order," in the first sentence of the charge amounted to an expression of opinion by the judge that the appeal was without substance; also, that in using the word "technically" the judge expressed an opinion that the caveat as filed in the court of ordinary was frivolous and unfounded.   There is no merit in either of these contentions.

■ Error was assigned upon the following statement in the court's charge: "There is no question as to the legality of its form or the manner of its execution, and neither is there any question as to her capacity to make a will, involved in this hearing at this time." There is no merit in the contention that this statement eliminated the question of undue influence, it appearing that the excerpt complained of was immediately preceded by the following: "The substance and effect of the caveat, so far as your inquiry is concerned, is limited to the question of whether or not Mr. Thomas E. Watkins, the executor and heir of the estate of his mother, exercised undue influence over his mother at the time that she executed the will."

■ One ground of the motion for a new trial was as follows: "Movants contend that it was the duty to have charged the jury that it was in their province to set up the will by their verdict and find against the codicil to the will, provided they believed from the evidence submitted by the caveators that the codicil was the result of undue influence of the propounder was sufficient to show that the codicil to the will by the testatrix was the result of undue influence of the propounder, as nowhere in the charge did the court charge the jury that they could find in favor of the will and against the codicil." There is no merit in. this ground. After instructing the jury regarding the essentials of a will and as to undue influence as a ground of caveat, the judge continued as follows: "Now, gentlemen of the jury, what I have said with regard to the will applies to the codicil. A codicil is an addition or supplement to a will, either to take from, add to, or alter or change the terms of a will, and must be executed with all of the formalities of a will, and all of the legal requirements complied with, in order to probate a codicil as a part of a will. All of the law which I have given you in charge in regard to the requirements of a will, as to undue influence in the execution of the will, will be taken under consideration by you in determining whether or not Mr. Watkins did exercise any undue influence over the mind of his mother at the time she executed the codicil to the will, as well as to the execution of the will itself." If more specific instructions were desired, a request therefor should have been made. *Watkins* v. *Paine,* 57 *Ga.* 50 (4); *Poullain* v. *Poullain,* 76 *Ga.* 420 (6, *a*); *Moore* v. *Brown,* 81 *Ga.* 10 (4) (6 S. E. 833).

■ Error was assigned upon a ruling of the court excluding the following testimony of a witness for the caveators: "I had a conversation with my mother, Mrs. Sallie E. Watkins, a year or so previous to her death, in reference to the land down there that I wanted to buy from her. She said that she would not sell me any of it, that she had already made a will and willed me a portion of that that I was asking to buy, also my sister, Mrs. Tucker, the next portion to that, and Tom the house, and ten acres out of the 80 acres which she had there in front. She made that statement some time in 1932, along the spring of 1932, June or July. She said she willed me the 35 acres next to the boundary line in front that was left to her as a year's support." The record does not contain a copy of the will; nor does it disclose the substance of it to the extent of enabling this court to determine whether the excluded testimony was consistent or inconsistent therewith. It follows that this ground of the motion does not show cause for a reversal. See, in this connection, *Credille* v. *Credille*, 123 *Ga.* 673 (3) (51 S. E. 628, 107 Am. St. R. 157); *Houseman* v. *Voak*, 157 *Ga.* 122 (121 S. E. 119); *Dean* v. *Littleton*, 161 *Ga.* 651 (2) (131 S. E. 507); *Rea* v. *Pursley*, 170 *Ga.* 788 (154 S. E. 325). The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

RUSSELL, Chief Justice. I concur in the judgment of affirmance. None of the assignments of error were meritorious, but as I view the issue in this case their lack of merit depends upon the principles stated by this court in *Peavey* v. *Crawford*, 182 *Ga.* 782 (3) (187 S. E. 13). "The jurisdiction of the ordinary is restricted to the factum of the execution of the will, and rights arising out of wills may be contested in the proper court, by the proper parties, who are more immediately interested. The probate of a will does not decide upon the right of disposal; it decides merely upon the factum of the instrument." The opinion in *Peavey* v. *Crawford* was based upon the principles of the English Ecclesiastical courts, which had jurisdiction in England of the probate of wills, and which are followed by the oldest decisions of this court, which have never been criticised or overruled. A judgment of the court of ordinary upon appeal to the superior court does not confer additional jurisdiction to the superior court on appeal. The superior court, in the case of an appeal from the court of ordinary

upon the probate of a will, is still the ordinary's court; and, as said in *Gillis* v. *Gillis,* 96 *Ga.* 1, 18 (23 S. E. 107, 30 L. R. A. 143, 51 Am. St. R. 121), in which Judge Samuel Lumpkin delivered the unanimous opinion of the court: "This is shown by construing together the act of December 13, 1859 (Acts of 1859, pp. 33-35), and the cases of *Brown* v. *Anderson,* 13 *Ga.* 177, and *Hall* v. *Hall,* 18 *Ga.* 40, from which section 2424 is evidently codified; and by considering the fact that when a will is propounded for proof in solemn form, 'the issue, and the only issue, is *devisavit vel non'*—did he devise or not. *Wetter* v. *Habersham,* 60 *Ga.* 194. If each subscribing witness were compelled to testify alike, there might be no issue to pass upon." For the reasons just stated, I concur only in the judgment, and not in the bases on which the judgment of the majority is placed.