ESPY *et al.* v. PRESTON *et al.*

BELL, Chief Justice. 1. "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor." Code, § 38-1708. "Sanity or insanity is a proper subject for opinion evidence." *Strickland* v. *State*, 137 *Ga.* 115 (4), 117 (72 S. E. 922).

2. The issue on trial being the mental capacity of the testatrix to make a will, and a daughter of the testatrix having testified, as a nonexpert witness for the caveators, that she was living in the home of the testatrix at the time the will was executed, and had done so for several months before that time, being with her, seeing her, talking with her, washing and ironing and cooking for her, and the attorney for the caveators having then propounded to the witness the question whether in her opinion, based on these facts, the testatrix "at any of those times . . had sufficient mental capacity to make up her mind, to have a decided plan or wish or program as to anything," and the witness having answered, "I don't think she did, no, sir, in fact I know she didn't"—*Held*, that the court did not err in allowing such question and answer over the objection, "They haven't laid the ground for any such question by any of the witnesses, he is asking for an opinion by this witness as to this person's mind without laying any sufficient foundation to show that this witness knows her mental condition."

(*a*) Under the preceding ruling, there was no merit in the first special ground of the propounders' motion for a new trial. Grounds 2 and 3, being similar, were likewise without merit. *Potts* v. *House*, 6 *Ga.* 324 (4) (50 Am. D. 329); *Frizzell* v. *Reed*, 77 *Ga.* 724 (5); *Strickland* v. *State*, supra; *Pennington* v. *Perry*, 156 *Ga.* 103 (9) (118 S. E. 710); *Merritt* v. *Wallace*, 173 *Ga.* 435 (160 S. E. 610); *Smith* v. *Tindol*, 179 *Ga.* 801 (2) (177 S. E. 588).

(*b*) The question dealt with in *Scott* v. *Gibson*, 194 *Ga.* 503 (22 S. E. 2d, 51), cited for the plaintiffs in error, was the sufficiency of the evidence

to support the verdict, and not the admissibility of testimony. See further in this connection, *Welch* v. *Stipe*, 95 *Ga.* 762 (22 S. E. 670); *Herndon* v. *State*, 111 *Ga.* 178 (2), 180 (36 S. E. 634); also case note on form of question, 155 A. L. R. 281.

3. While ordinarily the sufficiency of the reasons given by witnesses for their opinions as to a person's sanity or insanity can not be determined as a matter of law by the court, but is a question for the jury (*Gray* v. *Obear*, 59 *Ga.* 675 (3); *Frizzell* v. *Reed*, supra; *Hubbard* v. *Rutherford*, 148 *Ga.* 238, 96 S. E. 327; *Pennington* v. *Perry*, supra), yet, where it plainly and indisputably appears that the reasons are insufficient, the court may on review so hold as a matter of law, and a verdict founded upon such evidence should be set aside as being unauthorized. *Brumbelow* v. *Hopkins*, 197 *Ga.* 247 (2) (29 S. E. 2d, 42); *Wood* v. *Lane*, 102 *Ga.* 199 (29 S. E. 180); *Credille* v. *Credille*, 131 *Ga.* 40 (2) (61 S. E. 1042).

(*a*) The question to be decided by the jury being one of opinion, and the opinions of various witnesses having been given, the verdict in favor of the caveators does not appear to have been based on any question as to veracity. Code, § 38-1708.

4. The amount of intellect necessary to constitute testamentary capacity is that which is necessary to enable a party to have a decided and rational desire as to the disposition of his or her property to take effect at death. Code, § 113-202.

5. There was no testimony of any expert witness showing or tending to show mental incapacity of the testatrix, and the testimony of every nonexpert witness to that effect was based on acts, conduct, and sayings of hers which did not within themselves show mental incapacity to make a will, and such testimony was therefore insufficient to support the verdict finding for the caveators. While several of the witnesses testified in effect that the testatrix had no greater mental capacity than a five or six-year-old child, the reasons given by each and all of the witnesses for these opinions, considered with the facts to which they testified, not only failed to support the conclusions stated, but tended to show the contrary. The verdict being without evidence to support it, the refusal of a new trial was error. See, in this connection, *Peavey* v. *Crawford*, 182 *Ga.* 782 (187 S. E. 13, 107 A. L. R. 828); *Griffin* v. *Barrett*, 183 *Ga.* 152 (187 S. E. 828); *Hill* v. *Deal*, 185 *Ga.* 42 (193 S. E. 858); *Peavey* v. *Crawford*, 192 *Ga.* 371 (15 S. E. 2d, 418); *Scott* v. *Gibson*, supra; *Orr* v. *Blalock*, 195 *Ga.* 863 (25 S. E. 2d, 668); *Thomas* v. *Lockwood*, 198 *Ga.* 437 (31 S. E. 2d, 791).

(*a*) The case differs on its facts from *Morgan* v. *Bell*, 189 *Ga.* 432 (5 S. E. 2d, 897), and *Manley* v. *Combs*, 197 *Ga.* 768 (30 S. E. 2d, 485), as to sufficiency of the evidence to support the verdict.

*Judgment reversed. Jenkins, P. J., Atkinson and Wyatt, JJ., concur. Bell, C. J., and Duckworth, J., dissent from the rulings in paragraph 5, and from the judgment of reversal; concurring otherwise.*

No. 15165. JULY 9, 1945.

614

618

*Fred Morris, John P. Cheney,* and *Gordon M. Combs,* for plaintiffs.

*Charles M. Brown* and *Sam J. Welsch,* for defendants.