BROCK *v.* THE STATE.

No. 16904. JANUARY 13, 1950.

*C. T. Culbert,* for plaintiff in error.

*Eugene Cook,* Attorney-General, *W. T. Maddox,* Solicitor-General, and *Frank H. Edwards,* contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) ■ The first special ground of the amended motion for new trial involves the question of when a nonexpert witness shall be allowed to give testimony in the form of an opinion as to the sanity of a person. A decision of this question requires a determination of whether it is the province of the judge or the jury to decide when sufficient facts have been shown to authorize testimony in the form of an opinion based thereon. The complaint here is because of the disallowance of opinion testimony of a number of nonexpert witnesses that the accused was insane; the factual basis laid for such opinion evidence being in substance that the witnesses had known the accused, had been in his presence, and had observed his conduct.

In the consideration of this case we have given much thought and study to the question of precisely what facts will, under the law, constitute a sufficient basis for the introduction of opinion evidence of nonexpert witnesses as to the sanity or insanity of another person. In *Frizzel* v. *Reed,* 77 *Ga.* 724, this court held that the opinion of nonexpert witnesses as to the sanity of Mrs. Jacobs, following testimony that they "knew the grantor, saw her and heard her talk," was admissible, and that it was for the jury to determine whether the reasons of the witnesses were satisfactory or not. Again in *Hubbard* v. *Rutherford,* 148 *Ga.* 238 (96 S. E. 327), it was held that "The sufficiency of the reasons of the witness for his opinion is not a question for the court, but for the jury." This statement was followed with the further statement that the jury should decide that question in estimating the weight to which the opinion is entitled. This same principle has been held and applied in numerous cases, among which are *Herndon* v. *State,* 111 *Ga.* 178 (36 S. E. 634;

*Proctor* v. *Pointer,* 127 *Ga.* 134 (56 S. E. 111); *Glover* v. *State,* 129 *Ga.* 717 (59 S. E. 816); *Mosley* v. *Fears,* 135 *Ga.* 71 (68 S. E. 804); *Harris* v. *State,* 155 *Ga.* 405 (117 S. E. 460); *Pennington* v. *Perry,* 156 *Ga.* 103 (118 S. E. 710); *Dyar* v. *Dyar,* 161 *Ga.* 615 (131 S. E. 535); *Espy* v. *Preston,* 199 *Ga.* 609 (34 S. E. 2d, 705).

The law as thus stated is sound provided it is held strictly to what it says. It means and says that, when facts sufficient to authorize the introduction of opinion evidence of a nonexpert witness as to the mental condition are shown, such opinion evidence may be introduced. It is then the province of the jury to determine whether or not the facts upon which the opinion is based are sufficient to authorize the opinion; hence what weight the jury will give to such opinion evidence. None of the decisions above cited holds that it is the province of the jury rather than that of the judge to determine in the first instance whether or not sufficient facts have been shown to authorize the introduction of such opinion evidence. It is the province of the judge in all instances to determine the admissibility of evidence. But it is the province of the jury to determine what weight shall be given to the evidence that has been admitted. The first exhaustive study and clear statement of the rule which we have been able to find that this court has made is found in *Potts* v. *House,* 6 *Ga.* 324 (4). It is there stated as follows: " . . having stated the appearance, conduct conversation, or other particular facts, from which the state of the testator's mind may be inferred, they are at liberty to express their belief or opinion, as the result of those facts." We consider the words, "from which the state of the testator's mind may be inferred," as found in the rule, as being essential to the safety and soundness of it. It is thus made necessary, not only that the witness state some facts upon which his opinion is based, but that he state facts from which the condition of the mind may reasonably be inferred. By this is meant facts which by their nature may reflect the condition of the mind, and it is for the judge to determine if such facts have been shown before the witness is allowed to testify as to his opinion based thereon. It would make a mockery of the court if the trial judge should be required by rule of law to allow witnesses, after

stating facts that could not possibly reflect the mental condition, then to give nonexpert opinions based thereon as to the condition of the mind.

As in many of the cases above cited, the factual basis for the opinions did not necessarily reflect the condition of the mind, but they were of a nature that they might possibly do so, and this was held sufficient to authorize the nonexpert witness to give an opinion based thereon. However, we have found no case where this court has held that, when wholly irrelevant facts have been stated, the nonexpert witness must then be allowed to give his opinion as to the condition of the mind based upon such irrelevant facts. Such is not the law.

It may be noted that we held in *Espy* v. *Preston,* supra, that the facts there were sufficient to allow the nonexpert witnesses to give opinion evidence based thereon as to the mental condition. That opinion in division 5 held that the evidence was insufficient to support the verdict, which was in harmony with the opinion evidence. Chief Justice Bell and the writer dissented from the ruling made in division 5 because, having concurred in the ruling holding that the opinion evidence was admissible, we were of the opinion that after such a ruling it became the exclusive province of the jury to determine the sufficiency of the facts to authorize the opinion of the witness. In *Orr* v. *Blalock,* 195 *Ga.* 863 (4) (25 S. E. 2d, 668), this court held that the opinion of nonexpert witnesses did not show testamentary incapacity. All the Justices concurred in that ruling. It did not appear there that any objection had been interposed to the introduction of the opinion evidence, and hence there had been no adjudication of its admissibility. We regarded the facts upon which the opinion evidence was based as wholly insufficient to reflect the condition of the mind and to enable the witnesses to draw any inference as to the condition of the mind; consequently, the evidence was without probative value, and although admitted without objection, it was insufficient to support any finding of the jury. See *Claybourn* v. *State,* 190 *Ga.* 861 (1) (11 S. E. 2d, 23). The opinion in *Brumbelow* v. *Hopkins,* 197 *Ga.* 247 (29 S. E. 2d, 42), resulted from similar consideration.

Applying the foregoing principles of law to the facts here, it must be held that sufficient facts were shown to authorize

the introduction of the opinion evidence offered, and that the court erred in overruling this ground of the motion for new trial. While the law requires proof of insanity at the time the crime is committed in order to authorize the defendant's acquittal, this may be done by proof of insanity before or after the crime was committed, under circumstances where it may be found from such proof that insanity existed at the time the crime was committed.

■ There is no merit in special ground two of the amended motion for new trial. While the law requires that a correct written request to charge, which is adjusted to the evidence and is a sound statement of the law, when timely made, must be given in the language requested. Yet it is also the law that such request must be free from inaccuracies and imperfections. The request here is imperfect, in that in the last line thereof in referring to the discretionary power of the jury it is called a "great discretion." While it is the law that the jury in such cases has the unrestricted right to exercise its discretion on the question of whether or not it will recommend life imprisonment, yet it is not the law and would be improper for the judge to charge that this discretion is a "great discretion." It is neither great nor small, but simply an honest, conscientious, and sound discretion. The general charge properly instructed the jury on their right to recommend mercy, and it would have been confusing and erroneous to have given the charge as requested. There is no merit here.

■ The evidence, showing by the testimony of eyewitnesses to the shooting that the accused committed murder as alleged in the indictment, without justification, was sufficient to support the verdict, and the general grounds are without merit. The third special ground was not argued, and is considered to be abandoned. However, the charge complained of is a correct one and not subject to the criticism made. See *McBurnett v. State*, 206 *Ga.* 59 (55 S. E. 2d, 598).

For the reason stated in division 1 of this opinion, the court erred in overruling the amended motion for new trial.

*Judgment reversed. All the Justices concur.*