32617. GEE v. THE STATE.

HALL, Justice.

Appellant Gee appeals from his convictions for armed robbery (life sentence) and kidnapping (twenty years). The sentences are to run concurrently. Immediately after the armed robbery and while the kidnapping was in progress, the victim overpowered the appellant just prior to the arrival of the police. His defense was insanity at the time of the occurrence.

1. The appellant contends the trial court erred in refusing to disqualify a juror for cause. Assuming arguendo that there was error, it was clearly harmless. After peremptorily striking this juror and several others, the appellant had not utilized three of his allotted strikes at the completion of the jury selection process. See *Welch v. State,* 237 Ga. 665, 671 (229 SE2d 390) (1976).

2. The contention is made that the trial court erred in overruling appellant's objections to the testimony of two lay witnesses who stated that in their opinion the

appellant knew what he was doing at the time of the armed robbery and kidnapping. The statements by these witnesses included facts showing that their opinions were based upon observations of the appellant at the time of the crimes and immediately thereafter. We find no error. *Graham v. State,* 236 Ga. 378, 383 (223 SE2d 803) (1976); *Brock v. State,* 206 Ga. 397, 399-400 (57 SE2d 279) (1950).

3. Appellant contends the trial court erred in overruling his motion to strike the rebuttal testimony of a psychiatrist from the Central State Hospital. The grounds of the motion were that the witness was not giving the legal definition of insanity. The witness testified that the appellant had no symptoms of psychosis or insanity. Appellant's counsel did not cross examine the witness as to his possible equating of psychosis with insanity, other than questions which elicited statements that the witness used the terms interchangeably. We find no error. See *Handspike v. State,* 203 Ga. 115, 119 (45 SE2d 662) (1947).

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 5, 1977 — DECIDED SEPTEMBER 7, 1977.

*Mixon, Forrester & Culpepper, P. Melton Culpepper, Jr.,* for appellant.

*D. E. Turk, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.

