## 60630. LEONARD v. THE STATE.

QUILLIAN, Chief Judge.

The defendant, Gene Leonard, was found guilty of the offense of robbery. He entered a plea of not guilty by reason of insanity. The evidence showed that on the morning of July 3, 1979, he entered the Village Inn Restaurant in Manchester, Georgia, wearing only shorts and tennis shoes. One witness described his entrance as "not quietly like most customers, but making a lot of noise asking for a body drink, and he tosses a coin over the counter behind the serving line . . . He was attracting attention to himself . . . and the minute he opened the door he started yelling . . . 'Got to have a body drink. Got to have a body drink.' " The owner-manager observed that the waitress "was having a problem trying to understand him . . ." After he threw a coin over the counter he went behind the counter and the manager saw the defendant lying on his stomach, running his hand underneath "all the equipment" even though a nickel was in plain sight. She was of the opinion: "I thought I had a drunk on my hands." After he came from behind the counter he went to the cash register and saw a customer open his wallet to pay his bill. He looked at the money in the wallet and said: "Those things will burn a hole in that billfold." The defendant grabbed the wallet and attempted to run out the door. He was grabbed by three people and held until the police arrived.

The court ordered a psychiatric evaluation of the defendant at Central State Hospital. The psychiatrist was of the opinion that the defendant was *not* sane, that "he was not able to differentiate between right and wrong."

Counsel for the defense asked two of the state's witnesses for their opinion as to the defendant's sanity based on their observation of his actions. The state's objection was sustained, even though the only issue in the case was the defendant's mental capacity to distinguish right from wrong. The defendant called the state's psychiatrist to testify that the defendant was insane at the time of the offense, "he was out of contact with reality," and was suffering from schizophrenia. The defendant's father related that defendant was a veteran and had previously been "civilly committed" by a probate judge. The defendant has been admitted to the Veteran's Hospital in Tuskeegee, Alabama, and Central State Hospital in Georgia for psychiatric care and treatment. Just prior to this incident he had been in Atlanta with his brother and upon his return, because of "how he was acting" the father asked the sheriff to pick defendant up and "put him back in the hospital." The sheriff would not pick him up without a warrant, so the defendant's father and three other friends "put him in the jailhouse." The police released him and the father

went back the following day to sign the warrant but a sign was on the door stating the sheriff would be back in a few minutes. When the sheriff returned he had the defendant with him because of this incident. The jury returned a verdict of guilty. The defendant appeals. *Held:*

1. Because every witness in the restaurant saw the defendant seize the victim's wallet and attempt to leave, and he was caught with the wallet in his hand, there was only one issue for the trial court to resolve — the sanity of the defendant. The principle issue on appeal is whether it was error for the trial court to refuse to permit the defense to question two of the state's witnesses as to their opinion of the sanity of the defendant, based on the actions and utterances of the defendant that they had just related to the court. We find that it was, and reverse.

We will note at the outset that defense counsel was on cross-examination and was entitled to a thorough and searching examination. And, the only basis for the objection was: "I don't think that is sufficient time for him to base an opinion or be able to form an opinion whether the fellow was crazy or not."

"A lay witness can give opinion testimony as long as he gives sufficient facts to form the basis of his opinion." *Spencer v. State,* 236 Ga. 697 (4c) (224 SE2d 910); Code Ann. § 38-1708 (Code § 38-1708). "This court has repeatedly held that a person's state of mind or mental condition is properly the subject of opinion testimony and that after narrating the facts and circumstances upon which his conclusion is based, a nonexpert witness may express his opinion as to the state of mind or mental condition of another. *Spencer v. State,* 236 Ga. 697, 699 (224 SE2d 910) (1976); *Graham v. State,* 236 Ga. 378, 383 (223 SE2d 803) (1976); *Lingo v. State,* 224 Ga. 333, 342 (162 SE2d 1) (1967); *Robinson v. Murray,* 198 Ga. 690 (3) (32 SE2d 496) (1944); *Morgan v. Bell,* 189 Ga. 432, 436, 437 (5 SE2d 897) (1939)." *Dix v. State,* 238 Ga. 209, 213 (232 SE2d 47).

Thus, the issue narrows to whether or not the witnesses had sufficient time to form an opinion as to the defendant's mental state, and whether or not the issue was for the court or the jury.

Professor Agnor has observed that "[s]anity is essentially a matter of opinion, based either on personal observation of the person in question or on hypothetical questions posed to an expert witness." Agnor's Ga. Evidence 152, § 9-12. Hence, " '[s]anity or insanity is a proper subject for opinion evidence. In such a case "any witness may swear to his opinion or belief, giving his reasons therefor." ' " *Lingo v. State,* 224 Ga. 333, 342, supra. "A non-expert witness may, after having seen another person, testify that such person 'seemed to be all right.' " *Hammond v. State,* 212 Ga. 186 (1) (91 SE2d 615). The

converse opinion is also admissible. Justice Lumpkin noted that "[o]ne who has seen and conversed with an insane person, and observed his countenance and behavior, has an impression made upon his mind which is incommunicable. This Court is committed to the rule, that the jury, in such case, is entitled to the benefit of this impression. It may be said that [the witness'] opportunity of observing and judging of the capacity of [the defendant] was too limited. But . . . so different are the powers and habits of observation in different persons, that no general rule can be laid down as to what shall be deemed a sufficient opportunity of observation, other than, in fact, it has enabled the observer to form a belief or judgment thereon." *Choice v. State,* 31 Ga. 424, 466; *Petty v. Folsom,* 229 Ga. 477, 478 (192 SE2d 246).

The Supreme Court has consistently held that "[s]anity or insanity is a proper subject for opinion evidence, and where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor . . . Ordinarily, the sufficiency of the reasons given by witnesses for their opinion as to a person's sanity or insanity cannot be determined as a matter of law by the court, but is a question for the jury." *Jarrard v. State,* 206 Ga. 112 (3) (4) (55 SE2d 706); Accord, *Gray v. Obear,* 59 Ga. 675 (3); *Frizzell v. Reed,* 77 Ga. 724, 725 (5); *Credille v. Credille,* 131 Ga. 40, 42 (1) (61 SE 1042); *Mosley v. Fears,* 135 Ga. 71 (1) (68 SE 804); *Hubbard v. Rutherford,* 148 Ga. 238 (1) (96 SE 327); *Brock v. State,* 206 Ga. 397, 399-400 (57 SE2d 279). However, "where it plainly and indisputably appears that the reasons are insufficient, the court may on review so hold as a matter of law, and a verdict founded upon such evidence should be set aside as being unauthorized." *Espy v. Preston,* 199 Ga. 608 (3) (34 SE2d 705).

In the instant case, it does not "plainly and indisputably appear" that the reasons given as a basis for their opinion were insufficient as a matter of law for such witnesses to form an opinion as to sanity or insanity. *Espy v. Preston,* 199 Ga. 608 (3), supra; *Gee v. State,* 239 Ga. 583 (2) (238 SE2d 356). Thus, the foundation being laid properly, and because "the sufficiency of the reasons given by witnesses for their opinion as to a person's sanity or insanity cannot be determined as a matter of law by the court, but [being] a question for the jury," the trial court erred in the exclusion of such testimony. *Jarrard v. State,* 206 Ga. 112 (4), supra; *Brock v. State,* 206 Ga. 397 (1), supra.

We cannot conclude that such error was harmless as a matter of law, where a defendant has a prior history of mental problems, has been "civilly adjudicated" incompetent, admitted for psychiatric care in Federal and State Hospitals, and was determined by the

state's psychiatrist as not sane at the time of these offenses, was out of touch with reality, and could not distinguish between right and wrong. We cannot say how much more evidence it would have taken to convince the jury of defendant's insanity.

2. The general grounds are without merit. There was sufficient evidence of record for any rational trier of fact to find the existence of the offense charged — except for the issue of sanity. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment reversed. Shulman, P.J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JANUARY 8, 1981.

*Joseph M. Todd,* for appellant.

*William F. Lee, Jr., District Attorney, Marc E. Acree, Assistant District Attorney,* for appellee.