## BAKER *vs.* SHEPHARD *et al.*

I. Where two give a lien on their separate interest in the same property to a common creditor, the mortgage may be foreclosed separately against each.

2. A claimant against a mortgage *fi. fa.* cannot take advantage of the act that the mortgage was foreclosed within twelve months from the granting of letters of administration upon the estate of the deceased mortgagor.

Claim, in Stewart Superior Court. Tried before His Honor WILIAM C. PERKINS, October Term, 1859.

B. S. WORRILL, for plaintiffs in error.

B. K. HARRISON, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

It seems that John T. Warren and Charles H. Warren were jointly interested in two parcels of land. John T. Warren mortgaged his undivided interest, it being the one-half of each, to John W. Baker. After his death, John W. Baker instituted proceedings within twelve months, to foreclose his mortgage. Edward L. Shephard, the administrator of John T. Warren, was made a party to the proceeding of foreclosure without objection on his part. A rule absolute having been obtained, an execution was issued and levied upon the undivided interest of John T. Warren, deceased, in the mortgaged premises, the same being an undivided one-half interest in and to the following lands, to-wit: Lot No. 48, in the 22d district of Stewart County, and the South-west corner of lot No. 60, in the same district of said county. A claim was interposed by Leonard Bryan, who, at the trial, objected to the execution—1st, Because the foreclosure was separate, against John T. Warren's interest only; 2d, Because the proceeding of foreclosure was commenced and completed from the granting of letters of administration upon the estate of John T. Warren, deceased.

The Court sustained the objection and dismissed the levy,

and counsel for plaintiff in the mortgage *fi. fa.* excepted to the decision and now assigns the same as error in this Court.

1. As to the separate foreclosure, there is nothing in that.

2. Shephard alone could object to the prematurity of the proceeding. The Law is for the security of the executor or administrator of any estate, to protect the representative from suit until he can ascertain the condition of the estate. If he see fit to waive the privilege and incur the personal risk, it is not for claimants or third persons to complain. They have nothing to do with the matter. The judgment of foreclosure within the twelve months is as regular and valid as to them, as if made afterwards. Let the claimant exhibit his better title to the mortgaged premises, or any other meritorious defense to the mortgage. This he would be compelled to do, no matter when the mortgage was foreclosed. He has been cut off from no right. He could not be heard against the mortgage proceeding. His day does not come till afterwards. He is not entitled at any time to the benefit of a personal privilege provided for and guaranteed only to the representative of the deceased mortgagor and for his personal protection.