GEORGE W. STANCIL, plaintiff in error, vs. URIAH T. KENAN, and others, defendants in error.

[1.] In an issue of *devisavit vel non*, the propounder of the will is plaintiff.
[2.] If one of several caveators die pending the proceeding to probate a will, the propounder may proceed and try the case without making the representative of the deceased a party.

Caveat. In Whitfield Superior Court. Decision by Judge MILNER. October Term, 1866.

Michael J. Kenan, Uriah T. Kenan, and several others, heirs at law of Owen H. Kenan, deceased, entered their caveat to the paper propounded as his last will and testament. The Ordinary decided against the will, and the executor appealed to the Superior Court. Michael J. Kenan, one of the caveators, died, and his death was suggested upon the record. Twelve months afterwards the cause came on for trial, when the surviving caveators, by their counsel, objected to proceeding with the trial, because the legal representatives of Michael J. Kenan had not been made a party. The Court sustained the objection, and this is alleged as error.

KENAN and AKIN, for plaintiff in error.

DABNEY, for defendants.

WALKER, J.

George W. Stancil, the nominated executor propounded for proof, in solemn form, a paper purporting to be the last will and testament of Owen H. Kenan, deceased, gave proper notice to the heirs at law, and several of them appeared, Michael J. Kenan being one, and filed their *caveat*. Pending the litigation, Michael J. Kenan died, leaving his estate, so far as appeared to the Court, unrepresented. Propounder appeared in Court and insisted on his right to prove the will as against the surviving heirs at law, Uriah T.

Kenan and the other caveators. The Court refused to permit the case to proceed until the estate of Michael J. Kenan should be represented; and this is the decision complained of.

[1.] In *Potts vs. House*, 6, *Ga. Rep.* 334, this Court decided that the propounder of a will holds the affirmative of the issue of *devisavit vel non*, and is, therefore, the plaintiff in the proceeding. In effect, it is a suit by the executor against the heirs at law to divest their title *as heirs at law* to the entire property of the deceased. The heirs at law are all interested in the proceeding, and all of them may make themselves parties and resist this action of the executor. In this case, several of the heirs at law did resist, and the case then became one in favor of the executor against all the caveators.

[2.] Upon the death of one of these defendants, what are the plaintiff's rights as to the trial of the issue? He *may* sue out *scire facias* to make the representative of the deceased a party in the cause. *Code, Sec.* 3355. But is he compelled to do so before he can proceed with his case? We think not, for the reason, that section 3377 says that in all cases against two or more defendants, one or more of whom shall have died pending said case or cases, the plaintiff may suggest said death of record and proceed to trial against the survivors *to the extent of their respective liabilities*. This right was denied the plaintiff, and we think the Court thereby committed error. See *Henderson vs. Hackney et. al.*, 13, *Ga. R.* 282. Of course the plaintiff will proceed at his peril. No judgment can bind Michael J. Kenan's unrepresented estate. His personal representative may hereafter come in and be heard in behalf of his rights; but this is no reason why the plaintiff may not proceed with his case against the surviving caveators, and conclude them, and all others notified and not objecting, by a judgment upon the issues joined as to the validity of the will.

Judgment reversed.