## SCOTT *et al. v.* McKEE *et al.*

1. Upon the death of a plaintiff in error who had offered for probate a copy of an alleged will in which he was nominated as executor and who brought to this court for review a judgment rendered by the superior court on an appeal from the court of ordinary denying his application for probate, persons named in the alleged will as legatees or devisees may be made parties to the case as plaintiffs in error.

2. A subscribing witness to a paper alleged to be a will may, though not an expert, testify to his opinion concerning the sanity of the alleged testator, without stating the facts upon which such opinion is founded.

3. The questions presented in this case and not disposed of in the preceding notes are dealt with generally in the opinion.

Submitted June 24, — Decided July 25, 1898.

Petition for probate—appeal. Before Judge Candler. DeKalb superior court. August term, 1897.

*J. N. Glenn, J. A. Wimpy* and *Jones & Morrison,* for plaintiffs. *Candler & Thomson,* for defendants.

LUMPKIN, P. J.- W. D. Varner presented to the court of ordinary of DeKalb county a petition alleging that Ezekiel Reeves, of that county, had died testate and that his will had been lost or destroyed. The prayer of the petition was, that a copy of the alleged will thereto attached be established and admitted to probate in solemn form in lieu of the lost original. Certain of the heirs at law of the deceased caveated this application on divers grounds. The court of ordinary refused to admit the paper to probate, and the case was appealed to the superior court. On the trial there, the judge, at the conclusion of the evidence introduced by the petitioner, passed an order dismissing the appeal and sustaining the judgment of the court of ordinary. To this and to certain rulings made during the progress of the trial the petitioner excepted. While the bill of exceptions was pending in this court, Varner died. When the case was reached in its order here, counsel for the deceased plaintiff in error moved that Janie C. Scott and Sarah Murphey, who were named in the alleged will as legatees and devisees, be made parties to the case, as plaintiffs in error, in Varner's stead. Upon objection by counsel for the defendants in error, the court reserved the question as to making parties and permitted counsel to argue the case upon its merits; and they thereupon submitted briefs.

1. After consideration we have reached the conclusion that the motion to make parties should be granted, and have ordered accordingly. Section 3292 of the Civil Code reads as follows: "The right to offer a will for probate belongs to the executor, if one be named. If the executor be dead, non-resident, or refuses to act, or none be named, any person interested may offer the will for probate." It therefore appears that in case of non-action by the nominated executor, any person interested in a will may offer the same for probate. In the present instance, Varner did not refuse to act, and accordingly persons named in the alleged will as beneficiaries had, primarily, no right to present to the court of ordinary an application for probate. The nominated executor did this, and followed the case to this, the court of last resort. After it reached here, he died intestate, and therefore the case stood unrepresented and must have continued.

so to stand unless persons interested in having the paper propounded established as a will had been permitted to become parties to the case. Had Varner died before instituting probate proceedings in the court of ordinary, Janie C. Scott and Sarah Murphey would undoubtedly have had the right to take action in the premises. Surely, they should not be denied such right after the case has been duly prosecuted and brought to this court and the nominated executor has died. Actus Dei nemini facit injuriam. "For every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other." Civil Code, § 4929. While our statute conferring upon persons interested in a will the right to offer the same for probate, in the event the nominated executor fails to do so, does not in terms provide for such an emergency as that here presented, the ruling now made is certainly in strict accord with the spirit of the law, and also with the principles of natural justice.

2. One of the grounds of the caveat was that Ezekiel Reeves was not mentally capable of making a will. Pending the trial in the superior court, the judge refused to allow the propounder to prove by one John Frazier, a subscribing witness to the alleged will, that, in his opinion, Reeves was of sound and disposing mind and memory. This ruling was probably based on the ground that the witness was not asked to state the facts upon which his opinion rested, it not appearing that he was an expert. We say this because we can conceive of no other reason for rejecting the testimony. We are clearly of the opinion that it should have been received. In the case of *Potts* v. *House,* 6 *Ga.* 324, this court distinctly ruled that "The opinions of the subscribing witnesses to a will, as to the sanity of the testator, are admissible, without stating the facts upon which they are founded." The reason for this rule is succinctly stated by Judge Lumpkin in the following words, pages 335, 336: "The subscribing witnesses to the will may likewise testify as to the opinion they formed of the testator's mind at the time of executing the will, the law placing them around the testator to try, judge, and determine whether he is compos to execute it," citing Hayward *v.* Hagard, 1 Bay, 335; Powell on Devises, 69, 71; Pool *v.* Richardson, 2 Mass. 330.

3. The propounder was offered as a witness to prove certain statements by the deceased in reference to "the will," and how he wished it to be carried out, made to the witness in private conversation a short while before the death of the alleged testator. This evidence was objected to and excluded on the ground that the witness was not competent to testify concerning anything said by Reeves except at the time of making the will. Inasmuch as this witness had exclusive knowledge with reference to these matters, and has since died, the question presented is of no practical importance, since it can not possibly arise at the next hearing, and consequently we make no ruling upon it. The court also at the trial rejected certain other evidence, which was manifestly hearsay, and as to which no further comment is necessary. As to the merits of the case, we express no opinion, but leave the same to be investigated when the new trial is had.

*Judgment reversed. All the Justices concurring.*