SMOOT *v.* ALEXANDER *et al.*

No. 12664. JUNE 14, 1939.

*James R. Davis* and *Beck, Goodrich & Beck,* for plaintiff.
*W. M. Dallas, John H. McGehee Jr.,* and *John E. Holliman,* for defendants.

ATKINSON, Presiding Justice. 1. The exception is to a judgment refusing a motion for a new trial complaining of the verdict sustaining a caveat to an alleged will offered for probate in solemn form.

2. What is mental capacity to make a will is a question of law. On the trial of an issue of devisavit vel non, whether the alleged testatrix had mental capacity to make a will at the time of signing the paper is a question for decision by the jury, and a witness can not testify as to such legal conclusion. *Travelers Insurance Co.* v. *Thornton,* 119 *Ga.* 455 (46 S. E. 678) ; *Slaughter* v. *Heath,* 127 *Ga.* 747 (6) (57 S. E. 69, 97 L. R. A. (N. S.) 1) ; May *v.* Bradlee, 127 Mass. 414, 420 ; Nashville &c. R. Co. *v.* Brundige, 114 Tenn. 31 (84 S. W. 805). See also Brown *v.* Mitchell, 88 Tex. 350 (31 S. W. 621, 36 L. R. A. 64).

(*a*) This exact question was not raised by the objections to the testimony, and decided, in the cases of *Scott* v. *McKee,* 105 *Ga.* 256 (31 S. E. 183) ; *Pennington* v. *Perry,* 156 *Ga.* 103 (118 S. E. 710) ; *Dean* v. *Littlejohn,* 161 *Ga.* 651 (131 S. E. 507) ; *Merritt* v. *Wallace,* 173 *Ga.* 435 (160 S. E. 610).

(*b*) It was erroneous, as complained in the first special ground of the motion for a new trial, to permit a witness of the caveator, over objection, to testify in substance that the alleged testatrix had not sufficient capacity to make a will, the objection being "that the witness could not testify as to whether or not the testatrix had sufficient mental capacity to make a will, because that was a mixed question of law and fact that the jury were to try."

3. On the trial of such an issue as indicated above, this court has held that " 'the burden, in the first instance, is upon the propounder of the alleged will to make out a prima facie case, by

showing the factum of the will and that at the time of its execution the testator apparently had sufficient mental capacity to make it, and, in making it, acted freely and voluntarily. When this is done, the burden of proof shifts to the caveators.' *Credille* v. *Credille,* 123 *Ga.* 673 [51 S. E. 628, 107 Am. St. R. 157]; *Potts* v. *House,* 6 *Ga.* 324 [50 Am. D. 329]; *Stancil* v. *Kenan,* 35 *Ga.* 102; *Evans* v. *Arnold,* 52 *Ga.* 169; *Thompson* v. *Davitte,* 59 *Ga.* 472, 475." *Slaughter* v. *Healh* (supra). Considering this principle in connection with the pleadings and the evidence, the judge did not err, as complained in the second special ground of the motion for a new trial, in submitting to the jury the question as to whether the paper was properly executed as required by law, whether she had mental capacity to make a will, and whether the paper offered as her will was the result of undue influence exercised over her by the propounder, and in charging substantially that if she did not have mental capacity to make the will, or if it was not her free and voluntary act, in either of such events the jury should return a verdict in favor of the caveators.

4. The requests to charge, the refusal of which was complained of in the third and fourth special grounds of the motion for a new trial, were not properly adjusted to the pleadings and the evidence, and the judge did not err in refusing them.

5. The evidence did not demand a verdict in favor of the caveators, as contended in the brief of the defendants in error. And a reversal must result on account of the error in admitting the testimony as dealt with in the second division.

*Judgment reversed. All the Justices concur.*