MORGAN *v.* BELL.

No. 13043.   November 16, 1939.   Rehearing denied December 5, 1939.

434

*Davis & Friedin,* for plaintiff.

*H. F. Lawson* and *R. H. Lawson,* for defendant.

JENKINS, Justice. 1. "Every person may make a will, unless laboring under some legal disability arising either from a want of capacity or a want of perfect liberty of action." Code, § 113-201. "An incapacity to contract may coexist with a capacity to make a will. The amount of intellect necessary to constitute testamentary capacity is that which is necessary to enable the party to have a decided and rational desire as to the disposition of his property. His desire must be decided, as distinguished from the wavering, vacillating fancies of a distempered intellect. It must be rational, as distinguished from the ravings of a madman, the silly pratings of an idiot, the childish whims of imbecility, or the excited vagaries of a drunkard." § 113-202. "An insane person generally may not make a will. A lunatic may, during a lucid interval. A monomaniac may make a will, if the will is in no way the result

of or connected with his monomania. In all such cases it must appear that the will speaks the wishes of the testator, unbiased by the mental disease with which he is affected." § 113-204. "Eccentricity of habit or thought does not deprive a person of the power of making a will; old age and weakness of intellect resulting therefrom does not, of itself, constitute incapacity. If that weakness amounts to imbecility, the testamentary capacity is gone. In cases of doubt as to the extent of this weakness, the reasonable or unreasonable disposition of his estate should have much weight in the decision of the question." § 113-205. In accordance with these statutory provisions, it has been held by this court: "A person has testamentary capacity who understands the nature of a testament or will, viz., that it is a disposition of property to take effect after death, and who is capable of remembering generally the property subject to disposition and the persons related to him by the ties of blood and of affection, and also of conceiving and expressing by words, written or spoken, or by signs, or by both, any intelligible scheme of disposition. If the testator has sufficient intellect to enable him to have a decided and rational desire as to the disposition of his property, this will suffice." *Slaughter* v. *Heath,* 127 *Ga.* 747, 749 (57 S. E. 69, 27 L. R. A. (N. S.) 1), and cit. For other statements of the rules determining testamentary capacity, see *Hill* v. *Deal,* 185 *Ga.* 42, 46 (193 S. E. 858), and cit.; *Griffin* v. *Barrett,* 183 *Ga.* 152, 164 (187 S. E. 828), and cit.; Id., 185 *Ga.* 443, 444 (195 S. E. 746); *Martin* v. *Martin,* 185 *Ga.* 349, 352 (195 S. E. 159).

2. "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor; but if the issue shall be as to the existence of a fact, the opinions of witnesses, generally, shall be inadmissible." Code, § 38-1708. "The opinions of experts, on any question of science, skill, trade, or like questions, shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." § 38-1710.

3. While it was held by this court, as early as 1849, in *Potts* v. *House,* 6 *Ga.* 324 (3), 335 (50 Am. D. 329), that "The opinions of the subscribing witnesses to a will, as to the sanity of the testator, are admissible, without stating the facts upon which they are founded," which ruling was followed in *Scott* v. *McKee,* 105 *Ga.*

256 (2), 258 (31 S. E. 183), and *Dyar* v. *Dyar*, 161 *Ga.* 615 (2), 619 (131 S. E. 535), the distinction was drawn in the *Potts* case that "The *mere* opinions of witnesses, other than physicians and the attesting witnesses, are not admissible, unless accompanied with the facts on which they are founded; but having stated the appearance, conduct, conversation, or other particular facts, from which the state of the testator's mind may be inferred, they are at liberty to express their belief or opinion, as the result of those facts." See, as to the opinions of non-experts in such cases, accompanied by stated facts, *Merritt* v. *Wallace*, 173 *Ga.* 435, 436 (160 S. E. 610), and cit.; *Dean* v. *Littleton*, 161 *Ga.* 651 (131 S. E. 507); *Pennington* v. *Perry*, 156 *Ga.* 103 (6) (118 S. E. 710); *Snell* v. *Snell*, 165 *Ga.* 724 (2), 726 (142 S. E. 96); *Winkles* v. *Drake*, 165 *Ga.* 335 (5) (141 S. E. 67); *Credille* v. *Credille*, 131 *Ga.* 40 (61 S. E. 1042); *Compton* v. *Porterfield*, 155 *Ga.* 480 (117 S. E. 464), and cit.; *Brown* v. *McBride*, 129 *Ga.* 92 (2), 95 (58 S. E. 702); *Proctor* v. *Pointer*, 127 *Ga.* 134 (2) (56 S. E. 111); Conn. Mutual Life Ins. Co. *v.* Lathrop, 111 U. S. 612, 622 (4 Sup. Ct. 533, 28 L. ed. 536). However, as was recently pointed out by this court, in *Smoot* v. *Alexander*, 188 *Ga.* 203 (3 S. E. 2d, 593): "What is mental capacity *to make a will* is a question of law. On the trial of an issue of devisavit vel non, whether the alleged testatrix had mental capacity to make a will at the time of signing the paper is a question for decision by the jury, and a witness can not testify as to such legal conclusion." (Italics ours.) See *Travelers Insurance Co.* v. *Thornton*, 119 *Ga.* 455, 456 (46 S. E. 678), and *Slaughter* v. *Heath*, supra, cited in the *Smoot* case; *Patterson* v. *State*, 86 *Ga.* 70, 72 (12 S. E. 174); *Griggs* v. *State*, 59 *Ga.* 738 (3); *Taylor* v. *State*, 135 *Ga.* 622 (6) (70 S. E. 237); *Allison* v. *Wall*, 121 *Ga.* 822 (49 S. E. 831). This rule applies with equal force to expert and non-expert testimony; the only distinction being that a non-expert witness in expressing his opinion as to the mental condition of the deceased must narrate the facts and circumstances upon which his conclusion is based, whereas an expert witness can express his opinion as to that condition, upon proof being made that he was in a position to form an expert opinion, without the necessity of stating the facts forming the basis of his conclusion. *Taylor* v. *State*, 83 *Ga.* 647 (9), 658 (10 S. E. 442); *Central Railroad* v. *Senn*, 73 *Ga.* 705 (2), 711; *Augusta & Summerville R. Co.* v. *Dorsey*,

68 *Ga.* 228, 237; *Hammond* v. *State,* 156 *Ga.* 880 (2), 882 (120 S. E. 539); *Potts* v. *House,* supra. An exception to the rule also permits an expert witness to state his opinion or conclusion from a hypothetical question based upon the testimony of other witnesses. Code, § 38-1710; *Potts* v. *House,* supra.; *Choice* v. *State,* 31 *Ga.* 424 (4); *Southern Bell Telephone Co.* v. *Covington,* 139 *Ga.* 566 (7) (77 S. E. 382).

But, as already indicated, neither an expert nor a non-expert witness is permitted to express an opinion upon the ultimate conclusion as to whether the testator was or was not possessed of that mental capacity which is necessary to make a will; and this is true whether any such witness does or does not narrate the facts upon which to base any such opinion. The recent decision of this court in *Metropolitan Life Insurance Co.* v. *Saul,* 189 *Ga.* 1 (5 S. E. 2d, 214), is not in conflict with this interpretation of the rule, which was there recognized. As was there in effect pointed out, with other distinguishing "circumstances" which "obtained" in that case, the statement of witnesses related to the existence of a substantive fact, even though the language might have corresponded more or less with the terms of the policy; that is, whether the plaintiff was totally disabled from performing any sort of labor and whether this condition was permanent. Merely that in testifying to a state of fact the expert witnesses may have used language more or less identical with that used in the policy would not prevent the testimony from relating to a question of fact rather than a question of law. Where the question was asked as a question of fact, and not whether the disability measured up to a proper legal interpretation of the language of the policy, the fact that under the decisions of this court a proper interpretation of the policy might not have required proof going to the full extent of the witness's answers would not convert the answers as related to a question of fact into answers seeking to interpret the legal rule as measured by the language of the policy.

4. In this case there was properly admitted opinion testimony from non-expert witnesses as to the mental condition of the testatrix, accompanied by the facts and circumstances on which their opinions were based, which authorized the jury to find that the testatrix was incompetent to make a will, under the rules of law set forth in the first division of this opinion. There was also

competent opinion testimony by a physician which authorized the verdict for the caveator. It is true that this non-expert witness also testified to the ultimate legal conclusion whether the mental condition of this testatrix precluded her from making a will; and that this testimony, although admitted without objection, had no probative value, for the reason that this testimony could not be accounted such secondary evidence as, if admitted without objection, would support a verdict. Secondary evidence, while not the best evidence, and while inadmissible on proper objection unless it be shown that the primary evidence is unavailable, will nevertheless support a verdict, either upon such a showing being made or even in the absence of such showing, where it is admitted without objection. *Georgia Coast &c. R. Co.* v. *Herrington,* 14 *Ga. App.* 539 (2) (81 S. E. 814); *Bull* v. *Carpenter, 32 Ga. App.* 637, 639 (124 S. E. 381). The same rule would apply to an opinionative statement by a witness, even though it be unsupported by a statement of the necessary facts and circumstances on which it is based, upon a question of opinion about which the witness is authorized to testify, as distinguished from the ultimate legal conclusion involved in the case. There also, where no objection is urged to such an opinion, it can not be questioned for the first time upon review, as incompetent and without probative value. *Hutchinson* v. *State, 8 Ga. App.* 684 (70 S. E. 63). But where, as here, the non-expert witness in a portion of his testimony undertook to give his opinion on the ultimate legal question which it was for the jury to decide, by stating "I don't think [the deceased] had the mental capacity to make a will," such testimony, whether objected to or not, or whether it was accompanied by his reasons in support of such opinion, would be totally without probative value, the same as hearsay testimony, inasmuch as a witness is not permitted to give testimony at all on that ultimate question of law. However, the admission without objection of this illegal testimony, which was without probative value, would not operate to nullify the probative value of the proper testimony by this witness, by a physician, and by several non-expert witnesses, upon the question of fact as to the mental condition of the testatrix at the time the will was executed, from which the jury were authorized to find that she was then unable to execute the will.

*Judgment affirmed. All the Justices concur.*