OLSEN *v.* MacFEELEY, Sheriff, *et al.*

No. 15773.   APRIL 17, 1947.

*Gilbert E. Johnson,* and *William F. Braziel,* for plaintiff.
*John J. Bouhan,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) ■ Upon an examination of the lunacy proceedings held under the Code, § 49-604, it appears that there was an affidavit executed by C. J. Purdy that Martin Olsen "is violently insane and is likely to do himself injury and is subject to be committed to the Georgia State Sanitarium." This affidavit was dated September 20, 1946, and on the same day the truth of this affidavit was verified in writing by a practicing physician. Accordingly, the proceedings were not void as omitting either of the two requirements above indicated as (a) and (b).

It was further insisted that the proceedings were void because the commission had been issued before the proper notice had been given to the adult relatives. The original affidavit instituted by C. J. Purdy was executed on September 20, and on the same date there was an order appointing a physician to examine him and verify his condition as stated by Purdy, and also the appointment of the commission to pass upon his sanity. On September 26, Mrs. E. M. Olsen, who had been designated in the affidavit of C. J. Purdy, as "the only nearest adult relative," and who designated herself as "the only nearest adult relative," waived, in writing, the 10-days' notice of an application for the appointment of a commission; and on the same day the commissioners took the oath and returned a verdict, and the ordinary passed an order adjudging Martin Olsen a lunatic.

In *Owenby* v. *Stancil,* 190 *Ga.* 50, 57 (8 S. E. 2d, 7), it was held that under the Code, § 49-604, since the amendment (Ga. L.

1915, p. 20), in cases where it appears by affidavit that a person was "violently insane and is likely to do himself bodily injury," the 10-days' notice could be waived. The statutory notice was waived by Mrs. Olsen. The lunacy proceedings set forth that she was the only nearest adult relative, and nothing therein appeared to the contrary. Accordingly, in the light of the record of the proceedings, the absence of names of other adult relatives thereon did not make the judgment void.

The court of ordinary, as to issuing commissions of lunacy, is a court of general jurisdiction. Code, § 24-1901 (9, 10). Its judgments relating to that subject cannot be collaterally attacked where it does not appear from the face of the record that the court was without jurisdiction. *Laramore* v. *Dudley,* 145 *Ga.* 102 (88 S. E. 682).

■ It is also insisted that the judgment is void for the reason that the verification of the truth of the original affidavit of C. J. Purdy, by a practicing physician, was merely a written statement and not sworn to in the form of an affidavit. As used in this section of the Code, the word "verified" could not be construed to mean that the physician's written statement should be in the form of an affidavit. The section specifically provides what shall be done under oath, and to hold that the word "verified" means a writing under oath, would be contrary to a reasonable interpretation of this statute. *Judgment affirmed. All the Justices concur.*