## COLLINS *v.* WILLIAMS.

No. 15954. OCTOBER 14, 1947.

716

*S. P. Cain,* for plaintiff. *Ira Carlisle,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) ■ Grounds 1, 2, and 4 of the amended motion complain of the failure of the court to instruct the jury on the law with reference to establishing a boundary line between coterminous landowners by oral agreement. In the brief for the plaintiff in error, it is contended that there was evidence which authorized, if it did not require, the jury to find that the father of the plaintiff in error, who at that time owned lot 187, and Mose Maxwell, who at that time owned lot 174, at least sixty years prior to the trial of the case in 1946, agreed on the dividing line between the two lots and jointly erected a fence nearly half way across the lots, and marked out the balance of the line; and that so long as Mr. Col-

lins lived the fence was maintained by both parties and the line recognized as the dividing line between the two lots. The pleadings, as the record shows, contain no allegations to the effect that the line in question had been established by agreement between the parties or their predecessors in title. Assuming that there is evidence in this record which would have authorized the judge to instruct the jury on that principle of law, still, in the absence of a timely request, his failure to do so was not error. The general rule is that a charge on legal principles must be adjusted to both the pleadings and the evidence. *Southern Express Co.* v. *Newby,* 36 *Ga.* 635 (5) (91 Am. D. 783); *McDonald* v. *DeLaPerriere,* 178 *Ga.* 54 (4) (172 S. E. 1); *Smoot* v. *Alexander,* 188 *Ga.* 203 (4) (3 S. E. 2d, 593); *Jones* v. *Hogans,* 197 *Ga.* 404, 412 (29 S. E. 2d, 568). This rule, however, is qualified when there has been evidence submitted, without objection, relating to the same cause of action, which could have been authorized by an amendment to the pleadings. Under such circumstances, in civil cases, the judge is authorized, but not required without request, to charge upon the issue thus made by the evidence. *Jones* v. *Hogans,* supra, and cases there cited. Therefore, in the absence of an appropriate request, a failure of the court in its charge to present to the jury a contention of one of the parties not pertinent to any issue made by the pleadings is not a cause for new trial, though supported by some evidence in the record. *York* v. *Stonecypher,* 181 *Ga.* 435 (182 S. E. 605). We are not, however, to be understood as holding in the instant case that the record contains any evidence which would have authorized the court, in any event, to charge on that question.

■ Special ground 3 complains because the court instructed the jury that the plaintiff contended that the dividing line from the northeast corner of said fence to the east line of the lots was a well-defined line. What the court actually said, while stating the contentions of the parties to the jury, was this: "The plaintiff alleges in his petition that he and those under whom he claims have been in actual possession of the land south of the dividing fence for more than twenty-five years; that the dividing line from the northeast corner of said fence to the east line of said lots is a well-defined line." The charge complained of is in almost the exact language of the pleader, and the criticism made of it is manifestly without merit.

In special ground 5, which is an elaboration of the general grounds, the plaintiff in error contends that the court should have granted a new trial because the evidence demanded a verdict for the plaintiff. In our statement of the facts we have endeavored to set out fully the testimony, and we think that it is sufficient to say that there was ample evidence to support the finding of the jury, and their verdict, having the approval of the trial judge, will not be disturbed by this court.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*