CULPEPPER *v.* BOWER *et al.*

No. 16156. MAY 13, 1948. REHEARING DENIED JUNE 18, 1948.

*Conger & Conger,* for plaintiff in error.

*John R. Wilson* and *Custer & Kirbo,* contra.

HEAD, Justice. ■ The jury was amply authorized to believe that G. G. Bower had testamentary capacity to execute a will, unaffected by monomania, and the evidence wholly failed to show undue influence by Byron Bower. It was not erroneous to overrule the general grounds of the motion for new trial.

■ The first special ground of the amended motion for new trial contends that the court erred in admitting in evidence the proffered will of G. G. Bower, and in adjudging that the will had been properly executed and legally witnessed. This ground is based on testimony of two of the witnesses, that they recognized their own and the other witnesses' signatures on the instrument, were familiar with Mr. Bower's signature, and recognized it, but did not independently remember the occasion of the signing of the instrument by Mr. Bower.

One of the witnesses to the will testified positively that she remembered the incident of Mr. Bower executing the will offered for probate, and that Mr. Bower signed it in the presence of the three witnesses whose signatures appear on the instrument, and that they signed it in Mr. Bower's presence and in the presence of each other. The attestation clause of the will recites: "Signed, sealed, declared and published by G. G. Bower as his last will and testament in the presence of us the undersigned who

subscribe our names hereto, in the presence of said testator after he had signed the same thereto and at his special instance and request and in the presence of each other." Each of the witnesses identified his or her signature attached to this clause. There was no evidence to controvert the fact that the will was duly executed.

The evidence relating to the execution of the will was ·sufficient to authorize the probate of the will, and this ground of the motion is without merit. *Deupree v. Deupree,* 45 *Ga.* 416 (3); *Underwood v. Thurman,* 111 *Ga.* 325 (3) (36 S. E. 788); *Wells* v. *Thompson,* 140 *Ga.* 119 (4) (78 S. E. 823, 47 L. R. A. (N. S.) 722, Ann. Cas. 1914 C, 898).

■ The second ground complains because the court in its charge removed from the consideration of the jury the issue of undue influence. It is contended that this issue was presented by the evidence. in the case, and that the court erred in failing and refusing to submit the issue of undue influence to the jury.

In regard to the issue of undue influence the caveat alleged: The instrument offered for probate was not the will of G. G. Bower; it was not freely and voluntarily made; the will of Byron Bower was substituted for the will and wish of the deceased; the propounders sought to, and did, build a barrier between the deceased and his daughter and her children; the deceased and Byron Bower were constant companions, they conferred constantly, and the deceased relied upon his brother for guidance, and. followed his advice, especially with respect to the terms of the instrument alleged to be his last will. It was further alleged that the influence of Byron Bower was so complete over the deceased that Byron Bower induced him to believe that a throat condition (cancer) from which he later died was only a muscular trouble, and persuaded him not to have medical treatment, but to use and rely on certain throat exercises suggested by Byron Bower.

The evidence in support of the allegations as to undue influence tended to show that the testator and Byron Bower were very congenial and were frequently seen together. The evidence indicates that Byron Bower had some influence on the testator (at a time subsequent to the execution of the will) in inducing him not to consult a physician, but to use the exercises suggested by his

brother as a treatment for his throat condition. The issue, however, was whether or not Byron Bower had such influence over the testator as amounted to deception, or to force and coercion, destroying free agency of his brother to make a will. *Bohler* v. *Hicks,* 120 *Ga.* 800 (5) (48 S. E. 306). The evidence offered totally failed to make an issue on the question of undue influence in the making of the will, and the court properly charged the jury that they should not consider the evidence relied upon by the caveatrix to establish undue influence. See *Franklin* v. *Belt,* 130 *Ga.* 41 (60 S. E. 146); *DeNieff* v. *Howell,* 138 *Ga.* 251 (75 S. E. 202); *Burroughs* v. *Reed,* 150 *Ga.* 726 (105 S. E. 290); *Cook* v. *Washington,* 166 *Ga.* 348 (143 S. E. 409); *Griffin* v. *Barrett,* 185 *Ga.* 447 (195 S. E. 746); *Boland* v. *Aycock,* 191 *Ga.* 327 (12 S. E. 2d, 319).

■ Grounds 3, 4, 5, 6, and 7 complain that the court refused to allow the witness, Mrs. Cresep, former wife of the testator, to give certain testimony set out in the grounds. None of these grounds shows that a pertinent question was asked the witness to elicit the testimony claimed to have been erroneously excluded, and the grounds are, therefore, incomplete. *Barron* v. *Barron,* 185 *Ga.* 346 (194 S. E. 905), and cases cited; *Page* v. *Brown,* 192 *Ga.* 401 (15 S. E. 2d, 506).

■ Ground 8 shows that, after both sides had announced that they had no further evidence to introduce, and the case was closed, on the following morning the caveatrix, by long distance telephone, had Dr. J. T. Benbo, an expert witness who had testified in her behalf, to reappear before the court to give additional testimony. Request was made to permit this witness to give further evidence by answering three written questions, which were submitted to the court, together with the answers which the witness would give. Objection was made to the allowance of the evidence on the ground that the evidence had closed and the witness had been excused. The judge ruled that the questions propounded to the witness were inadmissible and could not elicit relevant evidence, and he declined to permit the witness to testify.

In the first question, the witness was requested to state the duration or fixation of monomania when a person has become seized with it. The section question was based on certain hypo-

thetical questions previously propounded to the witness, and sought to have him state whether or not the testator was afflicted with monomania on the subject of his wife and daughter on August 28, 1943, the date the will was executed. The third question was: "If G. G. Bower executed a will on August 28, 1943, and bequeathed the great bulk of his large estate, consisting of lands, city property, and cash, to his bachelor brother and old maid sister, eighty or more years of age each, both of whom were richer than the deceased, to the exclusion of his only child and three grandchildren, except $3000 to the child and $2000 each to the grandchildren, would you say that the monomania from which he was suffering related to his wife and daughter and affected the will and that the will resulted therefrom?"

The third question sought to have the witness express an opinion as to whether or not the will was affected by, and resulted from, the alleged monomania of the deceased. Whether the alleged incapacity to make a will is based on general insanity or monomania, the rule is that: "What is mental capacity to make a will is a question of law. On the trial of an issue of devisavit vel non, whether the alleged testatrix had mental capacity to make a will at the time of signing the paper is a question for decision by the jury, and a witness can not testify as to such legal conclusion." *Smoot* v. *Alexander*, 188 *Ga.* 203 (3 S. E. 2d, 593); *Morgan* v. *Bell*, 189 *Ga.* 437 (5 S. E. 2d, 897).

Since the testimony was offered as a whole, and the assignment of error is upon the ruling rejecting the entire testimony, the court did not err in ruling out all three questions. *Dorsey* v. *Dorsey*, 189 *Ga.* 671 (7 S. E. 2d, 273). This ground does not show any abuse of the discretion of the trial judge in refusing to reopen the case and allow the testimony offered.

*Judgment affirmed. All the Justices concur.*