BROOKER *et al. v.* BROOKER.

HAWKINS, Justice. A caveat was filed to the probate of the will in this case, on the grounds of lack of testamentary capacity to make the will, undue influence alleged to have been exercised by a son of the testator and others, and that the will was not properly executed. At the conclusion of the introduction of evidence, which consisted only of the testimony of the three attesting witnesses and of the propounder, who was called for the purpose of cross-examination by the caveators, the court directed a verdict for the propounder. A motion for new trial was duly made, which contained the usual general grounds, and was later amended by adding two additional grounds, complaining: (1) that the court erred in overruling the objection of the caveators to the testimony of T. V. Rhoden, a witness to the will, as to his opinion of the general mental condition of J. W. Brooker—this evidence was objected to on the ground of his not being qualified as a competent witness nor as an expert; and (2) that the direction of a verdict by the trial court was error because it is a jury question as to the right to probate a will, and the evidence raised a question of fact for the jury to determine. The motion as amended was denied, and the exception is to that judgment. *Held*:

1. Where there is an issue as to the testamentary capacity of the testator, as in this case, the opinion as to the sanity of the testator may be given in evidence by a witness who attested the will without first stating the facts upon which he bases such opinion. *Potts* v. *House,* 6 *Ga.* 324 (3) (50 Am. D. 329); *Huff* v. *Huff,* 41 *Ga.* 696; *Scott* v. *McKee,* 105 *Ga.* 256 (2) (31 S. E. 183); *McWilliam* v. *Pattillo,* 173 *Ga.* 771 (10) (161 S. E. 597); *Griffin* v. *Barrett,* 183 *Ga.* 152, 154 (187 S. E. 828); *Whitfield* v. *Pitts,* 205 *Ga.* 259, 271 (53 S. E. 2d, 549); *Reid* v. *Wilson,* 208 *Ga.* 235 (65 S. E. 2d, 913). Therefore, the trial court did not err, as complained in special ground 1, in overruling the objection of the caveators to the testimony of T. V. Rhoden, a subscribing witness to the will.

2. While the pleadings raised an issue as to testamentary capacity of the testator, not a single witness testified that the testator was not of sound

388

and disposing memory at the time of his executing or acknowledging the will. There was, therefore, no evidence to carry this issue to the jury. *Walters* v. *Walters,* 151 *Ga.* 527, 530 (107 S. E. 492); *Colbert* v. *Pitner,* 157 *Ga.* 690 (9) (122 S. E. 315); *Connell* v. *Barrett,* 160 *Ga.* 848 (129 S. E. 98); *Mason* v. *Taylor,* 162 *Ga.* 149 (132 S. E. 893); *Norman* v. *Hubbard,* 203 *Ga.* 530, 538 (47 S. E. 2d, 574).

3. No evidence of undue influence was introduced, and testimony of the three subscribing witnesses was sufficient to establish testamentary capacity when the will was executed, and that it was freely and voluntarily made. There is no conflict in the evidence; and that introduced, with all reasonable deductions and inferences therefrom, demanded the verdict complained of. Code, § 110-104; *Davis* v. *Davis,* 148 *Ga.* 512 (1) (97 S. E. 440); *Walters* v. *Walters,* 151 *Ga.* 527 (107 S. E. 492); *Connell* v. *Barrett,* 160 *Ga.* 848 (129 S. E. 98); *Norman* v. *Hubbard,* 203 *Ga.* 530 (47 S. E. 2d, 574); *Culpepper* v. *Bower,* 203 *Ga.* 784 (48 S. E. 2d, 369); *Whitfield* v. *Pitts,* 205 *Ga.* 259 (53 S. E. 2d, 549). The trial court did not err in directing the verdict.

*Judgment affirmed. All the Justices concur.*

No. 17554. Submitted September 10, 1951—Decided October 9, 1951.

*A. A. Nathan,* for plaintiffs.
*W. A. Wood* and *H. F. Rawls,* for defendant.