## 19414.  NASH *v.* POSS.

ARGUED JULY 9, 1956—DECIDED SEPTEMBER 7, 1956.

592

*Colley & Orr, Carroll D. Colley, Wilbur A. Orr, Jr.,* for plaintiff in error.

*Walton Hardin,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) ■ A bill of exceptions which recites that the plaintiff in error moved for a directed verdict at the conclusion of the evidence, the denial of that motion, and after an adverse verdict, the timely filing of a motion for new trial based upon the general grounds, and a motion for judgment notwithstanding the verdict, and contains assignments of error as follows: "To this judgment of the trial court overruling her motion for new trial the plaintiff then and there excepted, and now excepts, and assigns error thereon as being contrary to law on each and all of the grounds of said motion for new trial, and says that the court erred in overruling said motion for new trial on each and all of the grounds therein stated," and "To this judgment denying judgment non obstante veredicto, the plaintiff then and there excepted, and now excepts, and assigns error thereon as being contrary to law, and says that the court erred in overruling said motion and refusing to render

a judgment in favor of the propounder, plaintiff in the trial court, as provided by law," is sufficient to avoid a dismissal of the bill of exceptions upon the ground that it contains no sufficient assignment of error. *Huxford* v. *Southern Pine Co. of Georgia,* 124 *Ga.* 181 (1) (52 S. E. 439); *Roberts* v. *McBrayer,* 194 *Ga.* 606, 612 (22 S. E. 2d 165); *Sweat & Gaskins* v. *Williamson,* 185 *Ga.* 495 (1) (195 S. E. 408); *Echols* v. *Thompson,* 211 *Ga.* 299 (85 S. E. 2d 423); *Erskine & Co.* v. *Duffy,* 76 *Ga.* 602 (1); *Futch* v. *State,* 90 *Ga.* 472 (1) (16 S. E. 102). Accordingly, the motion to dismiss the bill of exceptions is denied.

■ As was pointed out by this court in *Scott* v. *Gibson,* 194 *Ga.* 503, 506 (22 S. E. 2d 51), and in the cases there cited, there can be in law no justification of a refusal to probate a will executed with the required formality, and freely and voluntarily, by a person not otherwise disabled or incompetent, but merely because a man had left practically all of his estate to one child; or because the will appeared to be unreasonable and unfair; or because the testator had some peculiarities and eccentricities; or because the instrument was signed by an aged and decrepit person; or by one in his last illness when his physical powers had almost left him; or by one of weak intellect; or by one shown to lack the necessary mental capacity at some time subsequent to the date of the execution of the will. While, under the ruling made in *Pantone* v. *Pantone,* 206 *Ga.* 305 (1) (57 S. E. 2d 77), in determining the question of mental capacity, it is permissible to receive and consider evidence as to the state of the testator's mind and lack of mental capacity for a reasonable period both before and after the transaction under investigation, where such lack of mental capacity is shown to have been produced by permanent physical illnesses directly affecting the mind and continuously growing worse, and such evidence, if introduced, may be sufficient to authorize a jury to find against mental capacity at the time the instrument was executed, despite evidence of witnesses who were present at the time of the execution thereof that the maker did have such capacity—it is also a well-established rule of law that testamentary capacity is to be determined by the condition of the testator's mind at the time the will was executed. *Martin* v. *Martin,* 185 *Ga.* 349 (195 S. E. 159); *Fehn* v. *Shaw,* 199 *Ga.* 747 (35 S. E. 2d 253); *Whitfield* v. *Pitts,* 205 *Ga.* 259

(53 S. E. 2d 549); *Brooker* v. *Brooker,* 208 *Ga.* 387 (67 S. E. 2d 117); *Anderson* v. *Anderson,* 210 *Ga.* 464 (80 S. E. 2d 807).

Where, as in this case, the two surviving attesting witnesses make a prima facie case for probate of the will by their positive testimony that, at the time of the execution thereof, the testator acted freely and voluntarily, and was of sound mind, and there was other testimony to the same effect, and where the evidence for the caveator was in substance as set out in the foregoing statement of facts, it fails to show that he was not mentally capable of making his will on that date, nor at any time before or after that date, except that he was semi-conscious shortly before his death on December 23, 1954. The evidence demanded a verdict for the propounder, and the trial judge should have sustained the motion of, and entered judgment for, the propounder notwithstanding the verdict, and direction is given that, upon the return of the remittitur from this court to the trial court, such a judgment be entered. *Beman* v. *Stembridge,* 211 *Ga.* 274 (85 S. E. 2d 434).

*Judgment reversed with direction. All the Justices concur.*