## 22844.  ENGLISH v. SHIVERS et al.

ARGUED FEBRUARY 8, 1965—DECIDED MARCH 3, 1965—
REHEARING DENIED MARCH 16, 1965.

*Jack Evans, Randall Evans, Jr.*, for plaintiff in error.

*J. Cecil Davis, E. Purnell Davis, W. Tom Veazey*, contra.

DUCKWORTH, Chief Justice. ■ The statutory provision, *Code* § 113-1526, that no suit to recover a debt due by a decedent shall be commenced against his legal representatives until the expiration of 12 months is for the security of the representative and not for the benefit of others, and if he suffers a judgment thereon its validity thereafter can not be brought into question. *Baker v. Shephard*, 30 Ga. 706; *Hill v. Julian*, 119 Ga. 607 (46 SE 834). Therefore, whether or not this be a case in which the personal representative could request a continuance or abatement on this ground, *Code* §§ 3-402, 3-405, 3-412, *Stancil v. Kenan*, 35 Ga. 102, *Haley v. Evans*, 60 Ga. 157, *Lanfair v. Thompson*, 112 Ga. 487 (37 SE 717), no such request has been made, and the estate is bound by the action of the representative.

The ground of continuance brought by the propounder is without merit, and the court did not err in overruling this ground of the amended motion for new trial.

■ Since there was evidence as to the sanity and insanity of the testatrix both before and after she made the will which is completely in conflict, there was some evidence of her lack of testamentary capacity to make a will at the time of its execution, which evidence was sufficient, if believed by the jury, to authorize the verdict in favor of the caveators, and this court can not reverse the lower court in overruling the motion for judgment notwithstanding the verdict in accordance with the motion for directed verdict. Whether or not the testimony of the witnesses who were present or near the testatrix on the day she made the will was sufficient to establish her testamentary capacity, there was other testimony that she was insane, and this testimony relates to a reasonable period of time before and after the execution of the will and can be considered in determining her state of mind at the time of executing or acknowledging the will. *Code* §§ 38-102, 113-106, 113-202, 113-204, 113-205; *Terry v. Buffington*, 11 Ga. 337 (56 AD 423); *Manley v. Combs*, 197 Ga. 768 (30 SE2d 485); *Jarrard v. State*, 206 Ga. 112 (55 SE2d 706); *Brock v. State*, 206 Ga. 397 (57 SE2d 279); *Pantone v. Pantone*, 206 Ga. 305 (57 SE2d 77). This case differs on its facts from *Hill v. Deal*, 185 Ga. 42 (193 SE 858), *Scott v. Gibson*, 194 Ga. 503 (22 SE2d 51); *Espy v. Preston*, 199 Ga. 608 (34 SE2d 705), and *Fehn v. Shaw*, 199 Ga. 747 (35 SE2d 253), and cases cited therein. There was evidence of aberration of intellect which would, when coupled with the fact that the testatrix bequeathed her entire estate to a stranger to the exclusion of an afflicted child as well as her other children, make a question for the jury to weigh the testimony and determine whether or not the testatrix had the mental capacity to make a will at the time of its execution. See *Code* § 113-106; *Deans v. Deans*, 166 Ga. 555 (144 SE 116); *Deans v. Deans*, 171 Ga. 664, 681 (156 SE 691, 74 ALR 222); *Brock v. State*, 206 Ga. 397, supra; *Bowman v. Bowman*, 205 Ga. 796 (55 SE2d 298); *Smith v. Davis*, 203 Ga. 175 (2) (45 SE2d 609).

■ The fourth special ground complains of the allowance in

evidence of a certified copy of a lunacy proceeding against the testatrix and appointment of a guardian for her, which was objected to at the time of its allowance in evidence because it showed on its face that it was void and a nullity and incomplete in that the ten day notice had never been given and any judgment thereon was likewise a nullity; and even though the applicants for the appointment of a commission claim they were the nearest relatives and acknowledged and waived the ten day notice, they could not do so because the law requires them to either negative the fact that there are other adult relatives in the State, give notice to these relatives, or give notice to the person herself, or have a guardian ad litem appointed before a proceeding can be had, and it appears on the face of the record this was not done. This ground of complaint is well taken and the judgment and appointment of a guardian was a nullity since the record shows the applicants themselves attempted to waive the ten day notice and the court proceeded to declare the testatrix incompetent and appointed a guardian for her (two of the applicants) in two days without complying with the law. See *Code* §§ 110-701, 110-709, 24-1901; *Code Ann.* § 49-604 (Ga. L. 1950, p. 14); *Morton v. Sims*, 64 Ga. 298; *Yeomans v. Williams*, 117 Ga. 800 (45 SE 73); *Allen v. Barnwell*, 120 Ga. 537 (48 SE 176); *Jones v. Smith*, 120 Ga. 642 (48 SE 134); *Sturtevant v. Robinson*, 133 Ga. 564 (66 SE 890); *Jackson v. Harris*, 165 Ga. 873 (142 SE 273); *Davis v. Melton*, 51 Ga. App. 685 (181 SE 300); *Milam v. Terrell*, 214 Ga. 199 (104 SE2d 219). Compare *Olsen v. MacFeeley*, 202 Ga. 146 (42 SE2d 366). It was error to allow the certified copy of the lunacy proceeding in evidence for it was a nullity since the court of ordinary never obtained jurisdiction of the testatrix. While this Code section (*Code* § 49-604) was amended in 1950 (Ga. L. 1950, pp. 14, 15) to no longer require an affidavit be made by any one of such relatives or other person that such person is violently insane and is likely to do himself bodily injury, and the truth of such affidavit be verified in writing by a practicing physician appointed by the ordinary, this amendment would not affect the above cited decisions which are binding in this case. The third special ground is likewise meritorious since it complains of a

charge on the burden of proof where a person has been declared incompetent and a guardian appointed, since the evidence after the exclusion of the lunacy proceeding will not authorize the charge given on the burden of proof.

■ While a written request to charge should be given in the exact language of the request, provided such request is correct and even perfect and supported by the material issues raised by the pleadings and the evidence, *Lewis v. State*, 196 Ga. 755 (27 SE2d 659), *McBurnett v. State*, 206 Ga. 59 (55 SE2d 598), *Summer v. Boyd*, 208 Ga. 207 (66 SE2d 51), *Vaughan v. Vaughan*, 212 Ga. 485 (93 SE2d 745), yet the charge here requested is argumentative and more favorable to the propounder, and for this reason the court would not have been required to charge as requested. There is no merit in the special ground complaining of the failure to charge the written request exactly as requested. See *Randall v. State*, 210 Ga. 435 (80 SE2d 695).

■ The fifth special ground complains because the testimony of the witness, Joshua Chupp, was admitted over objection. The witness was a nephew of the testatrix and one of the subscribing witnesses. This witness stated facts upon which he based the opinion that the testatrix was not sane. In response to questions of counsel for the propounder upon further examination he stated that she was obsessed with hostility toward her children, but he never manifested any conception of the meaning of the word "monomania." He stated that, from seeing her over a period of years and hearing her talk, in his opinion she was not sane. The objection was based upon the fact that on demurrer, "monomania" had been stricken from the caveat. The witness gave sufficient facts upon which to base his opinion as to the mental condition, and it was for the jury to decide if his opinion was well founded. *Code* § 38-1708; *Potts v. House*, 6 Ga. 324 (50 AD 329); *Gray v. Obear*, 59 Ga. 675; *Scott v. McKee*, 105 Ga. 256 (31 SE 183); *Dyar v. Dyar*, 161 Ga. 615 (131 SE 535); *McWilliam v. Pattillo*, 173 Ga. 771 (161 SE 597). The injection of the word "monomania" in no degree rendered his testimony inadmissible.

Furthermore, counsel for the propounder elicited the testimony from a hostile witness which was apparently a direct and per-

tinent response to the questions propounded, and he will not be heard to object. See *Sheppard v. Broome*, 214 Ga. 659, 663 (13) (107 SE2d 219), and other cases cited therein. This ground is without merit.

■ Special grounds 6, 7 and 8 all assign error on the allowance in evidence of the testimony of non-expert witnesses as to their opinion of the state of mind of the testatrix based upon the facts that (1) she had a hatred or bad feeling towards her children as shown by statements she made to the witnesses and (2) statements she made in general about various matters such as the expenditure of money and the beating of her afflicted daughter, and in so testifying the witness testified as to the acts, statements and conversations of the testatrix which caused them to reach the opinion thus made as non-expert witnesses. While there was considerable evidence that the testatrix had ample grounds to dislike certain of her children, and the witnesses may have reached their opinions or conclusions through bias, prejudice, or misunderstanding of the facts, it was for the jury to determine and weigh their testimony. Certain of the witnesses gave conversations with the testatrix which would have been hearsay for the purpose of proving the facts of such occurrences therein discussed, but they were conversations with the testatrix on which the witness based his non-expert opinion which were allowed in evidence to show the testatrix's state of mind. Hence, the court did not err in allowing this testimony in evidence, for whether or not in one instance the statements attributed to the testatrix that she had spent money on the propounder to the detriment of herself and her afflicted daughter and had beaten her daughter with a broom, and the witness also testified as a fact that the daughter had marks on her, were true or false, it would reflect on the condition of her mind, and it was a statement of the testatrix on which the witness based his opinion as to her mental condition. None of these grounds is meritorious. See *Code* § 38-1708; *Frizzell v. Reed,* 77 Ga. 724; *Credille v. Credille,* 131 Ga. 40 (61 SE 1042); *Pennington v. Perry,* 156 Ga. 103 (118 SE 710); *Jarrard v. State,* 206 Ga. 112, supra; *Brock v. State,* 206 Ga. 397, supra.

However, for the reasons stated above in Division 3 of this

opinion, the lower court erred in overruling the motion for new trial, as amended.

*Judgment reversed. All the Justices concur.*